Chapman v. Currie.

JAMES F. CHAPMAN *et al.*, Respondents, v. JOHN R. CURRIE, Appellant.

St. Louis Court of Appeals, November 9, 1892.

1. **Pleading:** ACTION ON EXPRESS CONTRACT FOR SERVICES: RECOVERY OF REASONABLE VALUE. A petition alleged an express contract for services, and an agreement to pay a fixed compensation therefor; also that this compensation was the customary charge for these services. The evidence established a special contract for the services without any fixed compensation; also that the services were worth the amount alleged as the compensation in the petition. *Held,* that this evidence did not change the nature of the cause of action pleaded, and warranted a recovery.

2. **Instructions:** DATE OF INSTITUTION OF ACTION. The defendant in this action asked, but the court refused to give, an instruction stating to the jury the date of the institution of the action, and directing the jury to find for the defendant, if they found that certain facts essential to the accrual of the plaintiff's cause of action had not occurred at that date. The court, however, gave another instruction of like import, excepting that no mention was made of the date of the institution of the suit. *Held,* that the defendant was entitled to have the jury informed by instruction of that date, and that the refusal of his instruction was, therefore, prejudicial error.

3. **Agents:** RIGHT TO ACT FOR BOTH PARTIES TO A CONTRACT EFFECTED BY HIM. An agent, who acts for both parties to a contract in bringing it about, cannot recover any compensation therefor from either, unless both consented to his double agency. The fact that one of the parties knew of the double agency will not render him liable for such compensation.

4. **Pleading:** ILLEGALITY OF CONTRACT SUED UPON: GENERAL ISSUE. A defendant is entitled to show under a general denial that a contract pleaded in the petition was illegal, because opposed to public policy.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*J. E. Merryman*, for appellant.

*John B. Roeder*, for respondents.

BIGGS, J.—The plaintiffs are real-estate agents, and they sue defendant for value of their services in bringing about the exchange of a farm formerly owned by the defendant for some real estate belonging to Newberry and Valentine. The action was commenced on the twenty-eighth day of November, 1891. The petition declares on a special contract of employment, and an agreement by the defendant to pay to plaintiffs two and one-half-per-cent. commission on the value of his property, provided a sale or trade was effected by them. The petition also contains the averment, that the above commission or percentage on the purchase price of property was the customary charge for selling or trading real estate. The answer is a general denial. The plaintiffs' evidence tended to prove a special contract of employment, without the compensation being fixed. They were allowed without objection to prove the usual charge for such services, and also that such charge was reasonable. It was conceded on the trial by the plaintiffs that they were also the agents of Newberry and Valentine in the exchange of their property, and had received a compensation from them; but their evidence tended to prove that both Newberry and Valentine and the defendant had knowledge of the double employment.

The defendant denied the employment *in toto*, and his evidence tended to prove that the dual agency claimed by the plaintiffs was not known either by him or Newberry and Valentine, and further that the exchange of the property was not consummated until the latter part of December, 1891. He also offered evidence tending to prove the value of the farm, which the court excluded. There was a verdict and judgment

for the plaintiffs for $675.    The defendant has appealed. The points relied on for reversal are presented by the instructions.

I.    The defendant asked and the court refused to give an instruction that, on the pleadings and evidence, the finding should be for the defendant.    The only matter urged in support of this instruction is that the plaintiffs sued on one cause of action, and were permitted to recover upon an entirely different one.    The argument is made that the petition declared on a special contract, and that the plaintiffs' evidence made out a case as for a *quantum meruit*.    It is very clear, and it is useless to cite cases in support of it, that a plaintiff cannot sue on an express contract and recover on a *quantum meruit*.    But this rule finds no application in the case before us.    The petition was predicated on a special or express contract of employment, and the plaintiffs' evidence tended to establish such a contract, and the recovery was had on it.    The only departure was that the petition alleged that the compensation was fixed, whereas the proof showed that it was not fixed, and the plaintiffs were allowed without objection to prove the reasonable value of the services which they claimed to have rendered. This evidence by no means changed the nature of the action, and it is even doubtful whether it could be held to be a variance under the peculiar structure of the petition.

II.    The court refused the following instruction asked by defendant:    "The court instructs the jury that this suit was instituted on the twenty-eighth day of November, 1891; and, if they believe from the evidence that the exchange of property between defendant and Newberry and Valentine had not been completed at that time, then they will find for the defendant." There was evidence authorizing this instruction, and,

if the facts were as stated, the suit was prematurely brought. The only question is whether the court's instructions on the subject were sufficient to fairly present the question to the jury. One of the conditions of recovery embodied in the first instruction given by the court was that Newberry and Valentine must have purchased the defendant's property before the institution of the suit. But the court failed to inform the jury when the suit *was commenced*. The date of the institution of the action was a question for the court, and not one for the jury. The only competent evidence of this fact was the file mark on the petition, which it was not competent to read to the jury, and of which the court should take judicial notice. For this reason the instruction of the court was insufficient, and that asked by the defendant ought to have been given.

III. The court refused at the instance of the defendant to instruct that there could be no recovery, unless *all parties to the trade knew* that the plaintiffs were acting in the double capacity of agents for both parties. But the court did instruct that, if the *defendant was aware* of this, then there could be a recovery as against *him*. In this we think the court committed error. The general rule is that a man cannot act as the agent or representative of both parties to a trade, and, if he puts himself in so unworthy a position, the law will not recognize any of his pretended rights growing out of it. Such contracts are held to be absolutely void as being contrary to public policy. It makes no difference that such common agent was guilty of no actual wrong. The courts refuse to countenance such an employment, not for the sake of the principals, but for the sake of the law. The great weight of authority is with this view.

In *Lynch v. Fallon*, 11 R. I. 311, it was held that a broker acting at once for both vendor and vendee

assumes a double agency disapproved of by the law, and which, if exercised without full knowledge and free consent of both parties, is not to be tolerated. It was said by the court: "As agent for the vendor, his duty is to sell at the highest price; as agent for the vendee, his duty is to buy for the lowest; and, even if the parties bargain for themselves, they are entitled to the benefit of the skill, knowledge and advice of the agent, and, at the same time, to communicate with him without the slightest fear of betrayal, so that it is hardly possible for him to be true to the one without being false to the other."

The same reasoning is adopted in the case of *Fuller v. Dame*, 18 Pick. 472, which was a suit on a note given by Dame in consideration of services rendered by plaintiffs' assignee in procuring the location of a railroad depot near Dame's land. It appeared that the assignee was one of the officers and promoters of the railroad. Held, that the contract was void as against public policy.

In *Everhart v. Searle*, 71 Pa. St. 256, it appeared that Searle was agent for Everhart, the purchaser of the land, and also for Flag, the owner. The court held that such an arrangement, unless made with the consent of both parties, was void as against public policy. The reason assigned was "that the danger of temptation from the facility and advantage for doing wrong, which a particular situation affords, does, out of mere necessity, work a disqualification."

So in a similar case (*Rice v. Wood*, 113 Mass. 133), the supreme court of Massachusetts approved the rule in the following language: "Contracts which are opposed to open, upright and fair dealing are opposed to public policy. A contract, by which one is placed under a direct inducement to violate the confidence reposed in him by another, is of this character. * * *

Nor is it necessary to show that injury to third persons has actually resulted from such a contract, for in many cases when it had occurred this would be impossible to be proved. The contract is avoided on account of its necessarily injurious tendency."

The same doctrine is declared by the supreme court of this state (*Atlee v. Fink*, 75 Mo. 100), and by the Kansas City Court of Appeals (*Robinson v. Jarvis*, 25 Mo. App. 421; *DeSteiger v. Hollington*, 17 Mo. App. 382). It will be thus seen that the only qualification of the general rule which condemns contracts like the one we have here is when both parties consent to the double employment. The defendant's instruction which presented this view was refused, the court being of opinion that, if the defendant *knew* of the common employment, a recovery could be had against *him*. For this error the judgment will have to be reversed.

The testimony showing the illegality of the contract was admissible under the general denial. The effect of the answer was to deny that there was any *legal* contract in existence. *Sprague v. Rooney*, 104 Mo. 349.

IV. The defendant offered to prove the value of the farm. This testimony was properly excluded. For the purpose of fixing a basis for commissions, it was only necessary to ascertain the value of the property received by the defendant in exchange. It appears that this property was heavily incumbered, and that the defendant took it subject to the incumbrance. The court instructed that the commissions should be computed on the purchase price; that is, the value of the property received in exchange. There *is* a question, whether, in the absence of a special contract, the computation should be made on the value of the property or only on the value less the amount of the incumbrance. The point was made on the trial, but is not

argued in the briefs. We, therefore, refrain from passing on it.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded. It is so ordered.