SAMUEL S. CAMPBELL ET AL. V. GEORGE BAXTER.

FILED SEPTEMBER 18, 1894.   NO. 5397.

1. **Real Estate Agents:** DOUBLE EMPLOYMENT: COMMISSIONS. A real estate agent acting for both parties in effecting an exchange of their property can recover compensation from neither unless such agent's double employment was known and assented to by both said contracting parties.

2. **Right of Vendor to Recover Commission Paid Real Estate Agent in Employ of Vendee.** Money paid by a principal to his agent for the latter's services in effecting a sale or exchange of the principal's property may be recovered back, in an action at law, when it appears that such agent had or was to receive a commission or compensation from the other party to the trade or exchange for his services in bringing it about, if it also appear that at the time such principal made such payment he was ignorant of the fact that his agent was acting for both parties to such trade or exchange.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

The opinion contains a statement of the case.

*Switzler & McIntosh*, for plaintiffs in error:

The compromise, settlement, and dismissal of the suit of Campbell & Hervey against Baxter was a sufficient consideration for the payment of the money and the making of the note in controversy.

The compromise and settlement of an asserted claim involved in legal controversy, be it never so doubtful, constitute a sufficient consideration for any obligation given by one party to the other in consideration of such settlement. (*Weed v. Terry*, 2 Doug. [Mich.], 344; *Parker v. Enslow*, 102 Ill., 272; *Dunham v. Griswold*, 100 N. Y., 224.) Campbell & Hervey, in the suit so settled, were honestly asserting a claim which they had a reasonable ground to believe could be maintained. In an action brought upon an obligation given by a defendant in consideration of the compromise and settlement of a prior suit against him, the court will not inquire into the validity of the claim so settled. It is enough if a claim involving a legal controversy, which the plaintiffs had a reasonable ground to believe they could maintain, was honestly asserted. (*Flannagan v. Kilcome*, 58 N. H., 443; *Bozeman v. Rushing*, 51 Ala., 529; *Wehrum v. Kuhn*, 61 N. Y., 623; *Keefe v. Vogle*, 36 Ia., 87; *Sullivan v. Collins*, 18 Ia., 228; 1 Parsons, Contracts [7th ed.], p. 439; *Boyce v. Berger*, 11 Neb., 399; *Treitschke v. Western Grain Co.*, 10 Neb., 360.)

The plaintiffs in error did not represent or claim to represent Van Closter and McLaughlin in the deal. Their claim was that they brought the parties together, and for that service Van Closter and McLaughlin agreed to pay them $500. The evidence tends to show that, at the time of the settlement in controversy, Baxter knew, or at least had such knowledge that by using reasonable diligence he might have known, all the facts relating to the matter which he claims the plaintiffs in error concealed from him at and prior to said settlement. Not merely was the burden upon Baxter of proving his ignorance, but, under the circumstances in this case, and for the purpose of going behind a compromise and settlement solemnly entered into by him, it was incumbent upon him to establish the allegation of ignorance by evidence that was clear and con-

vincing, and that could not reasonably. be doubted. (*Allis v. Billings*, 2 Cush. [Mass.], 19 ; *Stitt v. Hindekopers*, 17 Wall. [U. S.], 384.)

Where a real estate agent is employed to find a purchaser at a price fixed by the seller, or at a price which shall be satisfactory to the seller when he and the purchaser meet, he may, if he has so agreed, recover commissions from both parties to the transaction, for he is then only a middle-man, and his duty is performed when the buyer and seller are brought together. (*Herman v. Martineau*, 1 Wis., 136; *Stewart v. Mather*, 32 Wis., 344; *Mullen v. Keetzleb*, 7 Bush [Ky.], 253; *Rupp v. Sampson*, 82 Mass., 398.)

*Greene & Baxter, contra:*

A real estate agent or broker, who is acting as agent for the purchaser without the knowledge of the seller, is not entitled to commissions from the latter; and such commissions, when paid without such knowledge, may be recovered back, even though the sale was an advantageous one. (*Cannell v. Smith*, 21 Atl. Rep. [Pa.], 793 ; *Kelley v. Solari*, 9 M. & W. [Eng.], 54.)

The defendant in error compromised and settled the claim of plaintiffs in the attachment suit on the supposition that they were his sole agents, and that as such they were entitled to recover. To sustain a settlement or compromise it is essential that the claim be sustainable in law or equity. (1 Parson, Contracts, 366, 367, note *c*; Chitty, Contracts [10th Am. ed.], 33, 35, 41, note *m*; Addison, Contracts [12th Am. ed.], 21, note *n*; Story, Contracts, 435, 436; Smith, Contracts [4th Am. ed.], 102; *Jones v. Ashburnham*, 4 East [Eng.], 455 ; *Smith v. Algar*, 1 Barn. & Ad. [Eng.], 604; *Wade v. Simeon*, 2 C. B. [Eng.], 548; *Gould v. Armstrong*, 2 Hall [N. Y.], 266; *Cabot v. Haskins*, 3 Pick. [Mass.], 83; *Warder v. Tucker*, 7 Mass., 449; *Durbar v. Marden*, 13 N. H., 311; *Jarvis v. Sutton*, 3 Ind.,

289; *Stewart v. Ahrenfeldt*, 4 Denio [N. Y.], 189; *Sullivan v. Collins*, 18 Ia., 228.) If the parties know, or ought to know, that the claim has no foundation, it is not a good consideration. (*Pitkin v. Noyes*, 48 N. H., 294; *Headley v. Hackley*, 50 Mich., 43; *Feeter v. Weber*, 78 N. Y., 334.) To make forbearance to sue a good consideration for a promise to pay, there must be a well founded claim in equity or law for one, or there must be a compromise of doubtful right. (*McKinley v. Watkins*, 13 Ill., 140; *Zimmer v. Becker*, 66 Wis., 527.)

If the plaintiffs in error acted as agents for both parties, and not as middle-men, they could not recover commissions from either, unless the double agency was unequivocally expressed and clearly made known. (*Scribner v. Collar*, 29 Am. Rep. [Mich.], 543; *Everhart v. Searle*, 71 Pa. St., 256; *Raisin v. Clark*, 41 Md., 158; *Walker v. Osgood*, 93 Am. Dec. [Mass.], 168; *Bell v. McConnell*, 41 Am. Rep. [O.], 528; *Rice v. Wood*, 18 Am. Rep. [Mass.], 459; *Farnsworth v. Hemmer*, 1 Allen [Mass.], 494.)

If the broker acts adversely to his principal in any part of the transaction, omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services. (*Carman v. Beach*, 63 N. Y., 97; *Murray v. Beard*, 102 N. Y., 505.)

The plaintiffs in error could not consistently be agents for both parties. (*Lynch v. Fallon*, 11 R. I., 312; *Siegel v. Gould*, 7 Lans. [N. Y.], 177.)

RAGAN, C.

George Baxter sued Samuel S. Campbell and George W. Hervey, copartners, in the district court of Douglas county to recover back from them the sum of $250 which he had paid them. Baxter had judgment and Campbell & Hervey bring the case here for review.

The theory on which Baxter predicates his right to recover back the money paid, as disclosed by his petition and evidence, is that in 1888 he owned a cattle ranch and some cattle in Kansas and in the spring or summer of this year employed Campbell & Hervey, who were real estate agents in the city of Omaha, to effect a sale of his cattle ranch for $45,000 in money, or effect an exchange of said cattle ranch for property in Omaha or vicinity; that Campbell & Hervey undertook to effect this sale or exchange of this cattle ranch as his, Baxter's, agents; that through the instrumentality of Campbell & Hervey, Baxter effected an exchange of his cattle ranch with Van Closter and Mc-Laughlin for real estate of theirs in the city of Omaha, the latter paying Baxter a difference of $14,000 in cash; that Campbell & Hervey, subsequently to the exchange of said properties, brought suit against Baxter to recover from him their commissions for their services rendered in and about the exchange of said properties; that in compromise and settlement of that suit Baxter executed to Campbell & Hervey his note for $250, which is past due and which he has since refused to pay, and also at the same time paid them $250 in cash, the money sought to be recovered back by this suit; that at the time Campbell & Hervey were acting as Baxter's agents for the purpose of effecting a sale or exchange of his ranch they were also acting as agents for Van Closter and McLaughlin, and were to receive from them a commission or compensation for effecting an exchange of their property for the property of Baxter; that he, Baxter, until he had paid the money which he now seeks to recover back, had no knowledge that Campbell & Hervey were acting for Van Closter and McLaughlin. The defense of Campbell & Hervey, as disclosed by their pleadings and evidence, is that though they were to receive a commission or compensation from Van Closter and McLaughlin for services rendered them in effecting the exchange of their property for Baxter's ranch, yet they

took no part in the negotiations between Baxter and Van Closter and McLaughlin on behalf of either of said contracting parties which resulted in the exchange of their properties; that their employment by Baxter and Van Closter and McLaughlin was merely for the purpose of bringing the parties together, they to make their own trade, and that they did conduct the negotiations and make the trade without their, Campbell & Hervey's, interference in any manner; that in the transaction they were merely "middle-men;" and that Baxter, at the time he paid them the money which he now seeks to recover back, knew that they, Campbell & Hervey, were to receive a commission from Van Closter and McLaughlin.

1. One argument of counsel for the plaintiffs in error is that the findings made by the district court are unsupported by sufficient competent evidence. The chief issues of fact presented to the trial court were (a) whether Campbell & Hervey, in the part they took in the transaction between the trading parties, were mere "middle-men,"—that is, whether they were employed merely for the purpose of bringing the trading parties together, leaving them to conduct their own negotiations and make their own trade, or whether they undertook for Baxter to effect a sale or exchange of his ranch and such exchange was effected through their efforts; (b) whether Baxter knew, at the time he paid the money now sought to be recovered in this action, that Campbell & Hervey were acting for and were to receive a commission from Van Closter and McLaughlin. Both these issues must have been found by the trial court in favor of Baxter; and while there was a sharp conflict in the evidence it supports the conclusions reached by the trial court.

2. A second argument is that the judgment of the court is contrary to the law of the case. The findings of the trial court do not place the plaintiffs in error in this transaction in the status of "middle-men," as was the case with

the brokers in *Orton v. Schofield*, 61 Wis., 382, and cases of
a like class, but brings the plaintiffs in error within the
rule laid down in *Rice v. Wood*, 113 Mass., 133, where it
was held: "A broker acting for both parties in effecting
an exchange of property can recover compensation from
neither, unless his double employment was known and as-
sented to by both." (*Walker v. Osgood*, 98 Mass., 348.)
In *Bollman v. Loomis*, 41 Conn., 581, it was held: "The
policy of the law forbids that a person acting as the friend
and confidential adviser of a purchaser should at the same
time be secretly receiving compensation from the seller for
effecting the sale; and a contract for such compensation is
void." In *Meyer v. Hanchett*, 43 Wis., 246, it was held:
"One cannot act as agent for both seller and purchaser,
unless both know of and assent to his undertaking such
agency and receiving commissions from both." (*Holcomb
v. Weaver*, 136 Mass., 265; *Byrd v. Hughes*, 84 Ill., 174;
*Atlee v. Fink*, 75 Mo., 100; *Scribner v. Collar*, 40 Mich.,
375.) From these cases it quite clearly appears that if
Campbell & Hervey had sold Baxter's property for $45,-
000 cash, they could not have recovered their commissions
from Baxter for making such sale if it had appeared that
they received or were to receive a commission also from the
purchaser. That the property of Baxter was exchanged for
other property did not alter the relations of Campbell &
Hervey to Baxter. It was the duty of Campbell & Her-
vey, in acting as agents for Baxter, to use their best en-
deavors for him. If they were to sell the property for
cash, it was their duty to obtain for him the highest
price they could. While acting as agents for the seller
they could not also act as agents for the purchaser,
because as his agents it would be their duty to buy the
property as cheaply as possible. In acting as agent for
Baxter to find some person who would exchange Omaha
property for this ranch it was the duty of Campbell &
Hervey to give their principal, Baxter, an opportunity to

trade or exchange his ranch for any Omaha property that might be for trade or exchange, and to introduce to him any person within their knowledge owning property which he desired to trade for such property as Baxter's; but Campbell & Hervey, by accepting employment and the promise of a commission from Van Closter and McLaughlin as the result of an exchange of their property for Baxter's, put themselves in such a position that it was to their interest that Baxter should trade with Van Closter and McLaughlin instead of with other persons. We do not say that Campbell & Hervey acted in bad faith nor were influenced by improper motives; but we do say that their relations with Van Closter and McLaughlin afforded Campbell & Hervey the temptation to keep from Baxter the acquaintance of other parties owning property in Omaha and which they would trade for Baxter's.

Another argument under this heading is, since Baxter paid the money sought to be recovered back in compromise and settlement of a suit brought against him by Campbell & Hervey, and as the law favors settlements and compromises and discourages litigation, that therefore Baxter should not be allowed to recover. It is clear from the authorities that Baxter could have interposed the double agency of Campell & Hervey as a defense to the suit they brought against him for their commissions. He did not interpose such defense, for the very good reason, as the court finds, that at the time he made the settlement and paid the money he was ignorant of the relations which Campbell & Hervey sustained towards Van Closter and McLaughlin. We know of no principle of law or public policy that precludes Baxter's right to recover back money paid under such circumstances. (*Cannell v. Smith,* 21 Atl. Rep. [Pa.], 793.) There is no error in the record and the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.