ALFRED E. NORMAN, Respondent, v. FRANK R. ROSEMAN, Appellant.

St. Louis Court of Appeals, December 4, 1894.

**Real Estate Agent: POOLING OF COMMISSIONS.** When both parties to a trade are represented by agents, these agents lose their right to commissions, if, without the consent of their principals, they agree to pool or divide the same.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED.

*Fisse & Allen* for appellant.

*Robert L. McLaran* for respondent.

There was no double agency on plaintiff's part. *Robinson v. Jarvis*, 25 Mo. App. 421; *Reese v. Gerth*, 36 Mo. App. 641; *Dunlap v. Smith*, 2 E. D. Smith, 181.

BIGGS, J.—Plaintiff is a real estate agent. He instituted this action before a justice of the peace to recover from the defendant $200, which he alleged the defendant agreed to pay him as commission on a real estate transaction. The defendant is the owner of some property on Cleveland avenue, and Charles H. Sawyer and others were the owners of a business house on Franklin avenue. The plaintiff claims that the defendant employed him to effect an exchange of the properties on certain terms; that he induced Sawyer to agree to the exchange on the terms proposed; that Sawyer offered to consummate the trade, and that the defendant declined. The defendant admitted that there were some negotiations between him, Sawyer and the plaintiff, looking to an exchange of the properties, but he claimed that the plaintiff acted therein as the agent of Sawyer and not as his agent. He denied that he had agreed to pay plaintiff $200, or any other sum, as commissions. Under the instructions of the court the jury returned a verdict for the plaintiff for the full amount, for which judgment was rendered. Defendant has appealed, and he asks for a reversal of the judgment, on the grounds that the verdict and judgment are unsupported by the evidence, and are against the instructions.

At the instance of the plaintiff, the court give the following instruction:

"The court instructs the jurors, if they believe and find from the evidence that plaintiff is a real estate agent, and that defendant agreed to pay plaintiff the sum of $200 for his service in procuring the exchange of eight hundred feet of ground for defendant, situated in Tyler Place, in the City of St. Louis, for the property mentioned in evidence on Franklin avenue, on the following terms—defendant to take a convey-

ance of the Franklin avenue property subject to a first deed of trust for about $20,000 and to give a second deed of trust for the sum of $9,500 on said Franklin avenue property, and to convey the said eight hundred feet in Tyler Place as a part consideration for the exchange; and if the jurors further find and believe that thereafter plaintiff used such efforts and exertions on his part as were necessary in order to bring defendant's property to the attention of purchasers and by reason of such efforts procured, introduced and brought such purchaser to the notice of defendant, and that such purchaser was ready, able and willing to take defendant's eight hundred feet and give in exchange therefor the property on Franklin avenue, subject to a first deed of trust for $20,000, and to take a second deed of trust for $9,500 on said property from defendant—then the plaintiff is entitled to recover in this action the sum of $200 with interest since the eighteenth day of April, 1893."

As a qualification of the foregoing instruction, the court gave the following at the instance of the defendant:

"If the jury believe from the evidence that the plaintiff had an arrangement whereby he was to receive commissions from the other party to the exchange of property in question, as well as from the defendant, and that he did not disclose this fact to defendant, then they will find in favor of the defendant."

There was evidence tending to prove the facts stated in the first instruction; therefore the plaintiff is entitled to an affirmance of the judgment, unless the facts stated in the second instruction are established by all the evidence in the cause.

The plaintiff's evidence established the following state of facts. The defendant owned some lots on Cleveland avenue, which he valued at $20,000. A

syndicate, of which Sawyer was a member, owned a business lot on Franklin avenue, which they valued at $50,000. Sawyer, who is also a real estate agent, had the Franklin avenue property for sale or exchange. The plaintiff occupied a desk in Sawyer's office. Previous to the negotiations for the trade in controversy, he had endeavored to exchange with the defendant other property which Sawyer had on his lists for the Cleveland avenue property. Finally the defendant employed him to trade with Sawyer on the following basis to wit: The Franklin avenue to be put in at $49,500; the defendant to convey to Sawyer the Cleveland avenue property at a valuation of $20,000; the defendant to assume a mortgage debt of $20,000 on the Franklin avenue lot, and execute a second mortgage to Sawyer for $9,500. The defendant agreed to pay plaintiff $200, if he succeeded in making the trade. Sawyer agreed to make the exchange, and the defendant backed out of the trade. Plaintiff admitted on his cross-examination that, if the trade had been consummated, he and Sawyer would have "pooled" and divided their respective commissions; that this was their universal way of doing business in such cases. The plaintiff also admitted that he had not communicated this arrangement between himself and Sawyer to the defendant.

The law is well settled that a real estate agent can not legally charge or receive commissions from both parties to a sale or trade, unless they consent to it. *Chapman v. Currie*, 51 Mo. App. 40. The "pooling arrangement" testified to by plaintiff is not, strictly speaking, a double agency, but it is tantamount to it and has all of its ugly features. Under it the plaintiff and Sawyer were attempting to do indirectly what the law would not permit them to do directly; that is, charge commissions on both sides. Under it the

Norman v. Roseman.

defendant was deprived of the disinterested judgment and efforts of the plaintiff in effecting to the best advantage to himself an exchange of his property with Sawyer, to which under the contract of employment he was justly entitled. Therefore, the finding and judgment are clearly against the plaintiff's own testimony as applicable to the law as declared in the second instruction.

We see no necessity of remanding the cause, as the right of recovery is defeated by the unqualified admissions of the plaintiff himself. The judgment will be reversed and the cause dismissed. All the judges concur.