Carr v. Ubsdell.

---

C. BRENT CARR, Respondent, v. JOHN A. UBSDELL, Appellant.

St. Louis Court of Appeals, December 16, 1902.

1. **Peremptory Instruction, When Given: PRACTICE, TRIAL.** Where there is testimony tending to prove plaintiff's case, by direct proof or by reasonable inference, it is not proper to give a peremptory instruction or declaration of law to find for defendant.

2. **Weight of Evidence: PRACTICE, APPELLATE.** It is not the proper province of an appellate court, in reviewing the record in an ordinary action at law for the recovery of money, to pass upon the weight of evidence.

3. **Agent: CAN NOT ACT FOR TWO MASTERS: EXCEPTIONS.** The exceptions to the general rule that an agent may not act for two masters in the same transactions, rest upon ground outside of the true province of the rule itself and are sustained because its underlying precept of good faith has not been violated.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Frank E. Richey* for appellant.

(1) The plaintiff was the agent of Dodd but sues to recover for services rendered in the transaction to Ubsdell. The case is therefore one of double agency, and the contract upon which it was based is wholly void. Chapman v. Currie, 51 Mo. App. 40; DeSteiger v. Hollington, 17 Mo. App. 382. (2) The plaintiff could not act as the agent of Dodd, and at the same time and in the same matter act as the agent of the defendant who was the opposite party in the transaction and whose interests were in direct conflict with those of Dodd, unless the plaintiff's double agency was known, not to one but to both parties, and acquiesced in by each, with a full knowledge of the plaintiff's true position. Chapman v. Currie, 57 Mo. App. 40; DeSteiger v. Hollington, 17 Mo. App. 382; Alexander v. N. W. C. University, 57 Ind. 466; Pugsley v. Murray, 4 E. D. Smith 245.

*H. A. & H. H. Haeussler* for respondent.

(1) There was no double agency and no claim of any in court below. By instruction No. 1 it was conceded that if evidence showed that respondent was the agent of Dodd, he could not recover. By giving judgment the court held it did not so believe. Crone v. Trust Co., 85 Mo. App. 601, is directly in point. (2) The defense below was, as will be seen by answer and instruction, that respondent was Dodd's agent and not appellant's. Trial court found he was not Dodd's agent, and this court will not, in an action at law, weigh the evidence. Double agency was not an issue. Sweitzer v. Banking Co., 76 Mo. App. 1; Riffe v. Railroad, 72 Mo. App. 222.

BARCLAY, J.—This is an action by the plaintiff, a real estate agent, to recover "commissions" for effecting a lease of certain real property for a term of ninety-nine years to Mr. Samuel M. Dodd. The property is that on which stands houses Nos. 412, 414, 416, on Washington avenue, in St. Louis. It belonged to defendant. According to plaintiff's petition it was leased by defendant to Mr. Dodd through the agency of plaintiff at a rental of four per cent net, on a valuation of $125,000.

The answer admits the making of the lease as described, but "charges the fact to be that the plaintiff, in the matter of procuring the leasing of the property mentioned in the plaintiff's petition to Samuel M. Dodd, was at all times the agent of the said Samuel M. Dodd and acting in his interest and on his behalf, and for his said services as such agent, the plaintiff was paid by the said Samuel M. Dodd."

The reply of plaintiff denied the new matter. There was a trial by Judge Talty (a jury having been waived). At the close of the testimony the court refused a binding declaration of law in favor of defendant and gave the following declarations at his request, viz:

"1. The court declares as a matter of law that if the court, sitting as a jury, finds from the evidence that the plaintiff in the lease transaction set up in his petition, was in fact the agent for S. M. Dodd, and represented and acted for said Dodd, in negotiating or procuring the said lease, the plaintiff can not recover.

"2. The court declares as a matter of law, that if the court, sitting as a jury, finds from the evidence that neither the defendant nor his agent requested the plaintiff to render any of the services alleged in the plaintiff's petition, to have been performed by the plaintiff, and that the defendant through his agent, W. L. Wright, informed the plaintiff that the defendant would not pay the plaintiff for any such services, and would not pay a commission for procuring a leasing of the property mentioned in the plaintiff's petition, and that plain-

tiff thereafter acted in the procurement of the said lease as the agent for S. M. Dodd, the plaintiff can not recover.''

No declarations were asked or given for plaintiff.

Then the court found for plaintiff in the sum of $3,125, and interest, total $3,192.70; and there was judgment accordingly from which defendant appealed after the ordinary formalities.

There was abundant evidence to support the amount of the recovery, if plaintiff was entitled to recover at all. Several real estate agents testified without objection that the customary commission in St. Louis for effecting a lease for a term of ninety-nine years was two and one-half per cent on the value of the leased property.

The defense was that plaintiff was in fact the agent for Mr. Dodd.

The defendant appears to have been a non-resident of this State during the dealings out of which this case arose. He had a friend, Mr. Wm. L. Wright, who acted for him in St. Louis, and through whom some of the negotiations leading to the consummation of the lease were conducted.

The plaintiff's version of the matter is that, about two years before the lease was consummated, he interviewed Mr. Wright at the request of Mr. Dodd to see whether the owner would sell the property in question. Plaintiff then introduced defendant to Mr. Dodd and some negotiations ensued, but no agreement was reached. That "deal" fell through and was abandoned. Later, in February, 1901, according to plaintiff's testimony, he saw Mr. Wright and told him he thought he could negotiate a lease of the property. Mr. Wright assented, and told him that, as they had had trouble before, to get a written proposition from Mr. Dodd, also to tell him (Wright) what his (plaintiff's) commission would be "in black and white." Following this interview plaintiff went to Mr. Dodd and obtained from him the following proposition in writing:

"Feb. 5, 1901.

"Mr. Wm. L. Wright,

"Agt. and Mgr. of Mr. Ubsdell.

"Dear Sir: I hereby make you the following offer for a 99-year lease from March 1st, for Mr. Ubsdell's property, 45 feet on the south side of Washington ave. by a depth of 75 feet in City Block No. 97, of $5,000 per year, net, to Mr. Ubsdell, I to pay all taxes and insure the building for his benefit, in the sum of $15,000, and I to rebuild and alter the present buildings that are now on the property to conform to the building next west and south of the present building, as soon as the present leases on this property have expired, and can be rebuilt.

"Yours truly,

"S. M. DODD."

At the same time plaintiff submitted his own statement as to commissions as follows:

"St. Louis, Feb'y 5, 1901.

"Mr. W. L. Wright.

"Dear Sir: If Mr. Ubsdell accepts Mr. Dodd's proposition and offer for a 99-year lease on his 45 feet on Washington ave. my commission will be 2½ per cent on the value placed on the property of $125,000.

"Yours truly,

"C. BENT CARR."

Mr. Wright on receiving these statements "in black and white" communicated with defendant and the lease was concluded as proposed, but plaintiff's commissions were not paid and hence this suit.

Plaintiff admitted that after the matter was closed he went to see Mr. Dodd and he tendered to plaintiff a check for $250 for his "services in this matter," as Mr. Dodd expressed it. Plaintiff demurred to accepting it on the ground that he was going to get his commission from Mr. Ubsdell, but plaintiff finally accepted the check and cashed it "with that understanding." It appeared also by the testimony of Mr. Dodd that there was no agreement between him and plaintiff that

the latter was to receive any compensation from him (Mr. Dodd).

The foregoing is the substance of plaintiff's case on which the court refused a peremptory declaration of law for a finding in favor of defendant.

On the part of defendant there was testimony conducing to show that plaintiff was acting in the transaction at the request of Mr. Dodd, and otherwise contradicting some material features of plaintiff's evidence. But as the learned trial judge found that plaintiff was not the agent of Mr. Dodd (the main fact of the defense submitted in defendant's first declaration of law), it is not necessary to recite at length the features of conflict in the testimony on that point.

At the close of the case the court found for plaintiff and entered judgment as already stated.

1. There was a conflict of testimony on the issue of defense raised by the answer, namely, whether or not plaintiff was the agent for Mr. Dodd. There was evidence to show that he was not, and that he was acting exclusively for defendant. Where there is testimony tending to prove plaintiff's case, by direct proof or by reasonable inference, it is not proper to give a peremptory instruction or declaration of law to find for defendant. This rule is as applicable to trials by the court, sitting as a jury, as to trials with the aid of a jury. It is not the proper province of an appellate court, in reviewing the record in an ordinary action at law for the recovery of money, to pass upon the weight of evidence.

2. It is undoubted law that a principal has a right to perfect good faith on the part of his agent in respect of the matter confided to him for action on behalf of the principal. It has been declared as a maxim of morality that "no servant can serve two masters" (S. Luke, 16; 13); and the reason thereof, given in the context, is the same as that which modern law assigns for the familiar rule in the law of agency which defendant invokes. Chapman v. Currie, 51 Mo. App. (St. L.) 40; Atlee v. Fink, 75 Mo. 100; Leathers v.

Canfield, 117 Mich. 277; (45 L. R. A. 33); Wadsworth v. Adams, 138 U. S. 380; M'Kinley v. Williams, 74 Fed. Rep. 94.

It will not be necessary for us to attempt to define the apparent exceptions to the general rule that an agent may not act for two masters in the same transaction. Such of those so-called exceptions as are valid rest upon ground outside the true province of the rule itself and are sustained because its underlying precept of good faith has not been violated, as explained in Scribner v. Collar, 40 Mich. 375, and of which exceptions the case of Nolte v. Hulbert,, 37 Ohio St. 445; and Rupp v. Sampson, 16 Gray 398, furnish illustrations.

The learned trial judge gave all the declarations of law requested by defendant except the one requiring a finding for defendant as a conclusion of law. The declarations given by the court required a finding that plaintiff was not the agent of Mr. Dodd as a fact essential to a general finding in his favor. There was testimony to sustain that finding.

No error of law has been well assigned, and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.