R. L. DENNISON, Respondent, v. H. W. GAULT, Appellant.

Kansas City Court of Appeals, June 8, 1908.

REAL ESTATE BROKER: Commission: Dual Agency: Scienter. A real estate broker cannot recover commissions from both parties to the sale unless they consent to it; and such consent must be shown.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Special Judge.

REVERSED AND REMANDED.

*Thomas P. Burns* for appellant.

(1) The court erred in overruling the defendant's demurrer to the evidence and in giving plaintiff's instruction number 2 and in giving instructions of its own motion numbers 3 and 4, and in refusing defendant's instructions numbers 7, 8 and 9. Norman v. Roseman, 59 Mo. App. 685; Chapman v. Currie, 51 Mo. App. 43; Carr v. Ubsell, 97 Mo. App. 331; Morrison v. Murphy, 36 Mo. App. 36; Bent v. Priest, 86 Mo. 482.

*C. V. Buckley* for respondent.

(1) Respondent is suing neither seller nor buyer for commissions. He is suing his associates on an ex-

press contract to reimburse him for money spent at their special instance and request. . He is not working in a dual capacity. The payment of his expenses in no sense could make him unfaithful in his trust. The appellant knew, between September 8th and October 31, 1901, while respondent was gone east, if not before, the latter was to receive his commissions from the buyer and yet, five years afterward he renews his promise to pay the account sued on. The position of appellant is puerile. (2) It may be remarked in passing that every account growing out of this brewery sale has been protested for nonpayment; but in each case the plaintiff has succeeded. Morgan v. Keller, supra; Dennison v. Keasbey, 200 Mo. 408; Dennison v. Gault, — Mo. App. —.

BROADDUS, P. J.—This suit was commenced before a justice of the peace against J. J. Morgan, a Mrs. Van Ronzelen and the appellant Gault. As no service was had against Mrs. Van Ronzelen the suit was dismissed as to her and defendant Morgan did not appeal from the judgment of the justice. On trial in the circuit court plaintiff again recovered judgment and defendant Gault again appealed.

It appeared from the evidence that there was a certain brewery property situated in Joplin, Missouri, which Morgan, Mrs. Van Ronzelen and defendant had for sale as real estate agents. The plaintiff was also a real estate agent. His testimony tended to show that in 1901, said real estate agents made an arrangement with plaintiff by which if he would go east and work up a purchaser for the property that they would pay the expenses of his trip. This defendant Gault denied. But it is undisputed that he went east and visited several eastern cities and that he finally organized a company to purchase the property; that it was agreed between himself and the company that he was to

receive as a compensation for his services five per cent of the capital stock of said company; and that he did receive such compensation in its capital stock. The evidence tended to show that defendants knew that plaintiff was not only representing his firm but also that he was representing the purchasers in the sale of the property and that with such knowledge they agreed to pay said expenses of the plaintiff. At the close of the testimony defendant offered a demurrer to plaintiff's evidence which the court refused.

The defendant was entitled to a verdict on all the evidence. "The law is well settled that a real estate agent can not charge or recover commissions from both parties to a sale or trade unless they consent to it." [Norman v. Roseman, 59 Mo. App. 682; Chapman v. Currie, 51 Mo. App. 40; Carr v. Ubsdell, 97 Mo. App. 326; Bent v. Priest, 86 Mo. l. c. 482.] The plaintiff in order to recover would have to show that not only defendant but also the purchaser of the property was aware of his double agency and the trade with such knowledge. As he may be able to make such a showing the cause will be reversed and remanded. And it is so ordered. All concur.