JOHN F. SULLIVAN *vs.* GERTRUDE W. TUFTS.

Suffolk. June 22, 1909. — September 10, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Agency*, Broker's commission. *Broker*. *Contract*, Termination by death.

If a broker in negotiating a sale of real estate undertakes to act for both parties in effecting the sale, he cannot recover from either of them for his services unless his double employment was assented to by both.

A broker cannot recover from the seller for his services in effecting a sale of real estate, if he was acting for both parties and misled and deceived the buyer by representing to him that he was acting solely in his interests, although he told the seller that he was employed also by the buyer.

In an action by a broker to recover a commission for effecting a sale of real estate belonging to the defendant, if it appears that early in the negotiations there was an agreement between the plaintiff and a broker acting for the purchaser to divide a lump sum which the plaintiff was to receive as a commission, but that before any sale was effected the broker with whom the plaintiff made this agree-

ment died, and the plaintiff in his declaration and at the trial relies on a contract for the payment of a commission alleged to have been made by the plaintiff with the defendant after that broker's death, the agreement with the deceased broker does not affect the plaintiff's right to recover, as it expired with the death of that broker before the alleged contract with the defendant was made.

CONTRACT by a real estate broker to recover a commission for effecting a sale of certain real estate belonging to the defendant, in that part of Boston called Charlestown, known as Bunker Hill Terraces, and sold on March 2, 1907, to the Roman Catholic Archbishop of Boston for $60,000. Writ dated May 20, 1907.

In the Superior Court the case was tried before *Lawton*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence, the defendant asked for certain rulings, among which were the following:

"4. If the plaintiff while leading the purchaser to believe that he was acting for the purchaser co-operated with the defendant to deceive the purchaser or endeavored to deceive the purchaser without co-operation of the defendant, he cannot recover.

"5. If the plaintiff undertook to act for both parties in effecting the sale he can recover compensation for neither unless his double employment was assented to by both.

"6. If the plaintiff entered into an agreement with Mr. Coughlin to divide commission with him and this agreement was not known to both Father Tierney and the defendant, then the plaintiff cannot recover."

The judge refused to make any of these rulings, although it was held by this court that the jury were instructed in substance in accordance with the fourth request. Mr. Coughlin, mentioned in the sixth request, died while the negotiations were at an early stage. Father Tierney, mentioned in the same request, represented the purchaser. The portion of the judge's charge relating to the fifth request is described in the opinion.

The jury returned a verdict for the plaintiff in the sum of $1,308; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. M. Noble, A. S. Davis & W. C. Stone*, for the defendant.
*F. H. Chase*, for the plaintiff.

BRALEY, J. It is plain upon the plaintiff's testimony, that the jury could find he had been employed by the defendant, act-

ing through her husband as agent, to effect a sale, and that after he had begun negotiations with the purchaser they were suspended, with the understanding by him, and by the parties, that they had not been abandoned, and were to be shortly resumed, but before the time arrived for taking them up, the parties, through the agency of another broker, who had been employed by the purchaser, agreed upon the terms which he had arranged, and, unknown to the plaintiff, completed the sale. If this were all the evidence he would have earned his commission, as, the plaintiff having been the efficient means of bringing the parties together, the defendant could not appropriate the benefit of his services without payment of the stipulated price. *Munroe* v. *Taylor*, 191 Mass. 483, 484. *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478.

But from the plaintiff's own evidence, as well as from the evidence of the purchaser, the jury could further have found that he had been employed to buy as well as to sell; and that during the trade' he acted in a double capacity. While it is true that he made known his employment by the purchaser to the defendant's agent, by whom doubtless this position was not deemed disadvantageous, it nowhere appears even inferentially that he ever informed the purchaser of his agency for the defendant. If this knowledge of the defendant relieves the plaintiff from having placed himself in a position hostile to her interests, and he would not be deprived of his commission within the decision of *Quinn* v. *Burton*, 195 Mass. 277, 279, the principle there applied was held to control in *Rice* v. *Wood*, 113 Mass. 133, where it was decided, that if a broker in effecting an exchange or sale of property acts for both parties he can recover a commission from neither, unless his double relation was known and assented to by each of them. The reason which has often been pointed out is, that such a relation tends to place the broker under a temptation to sacrifice the interests of one or both of his employers for the purpose of obtaining or enhancing his own emolument. The courts as a matter of public policy will not sanction contracts which manifestly place agents when in the performance of their duties not only in a position antagonistic to the interests of their principals, but where they are subjected to a strong incentive to defraud their principals.

*Farnsworth* v. *Hemmer*, 1 Allen, 494. *Holcomb* v. *Weaver*, 136 Mass. 265.

The defendant's fourth and fifth requests, which were refused, directed the attention of the judge to this principle, and were appropriate on the evidence to which we have referred. It is contended by the plaintiff that the instructions covered the requests. But an examination of the charge shows, that, although in substance the fourth request was given, and the jury must have understood, that, if the plaintiff acting in bad faith misled and deceived the purchaser by representing that he was acting solely for his interests, he could not recover, the fifth request was not covered. While the jury were told, that if the plaintiff "was acting for both parties he cannot recover here," the instructions were coupled with the qualification, "unless his double employment was understood," without stating, that it must appear that the buyer knew or had been informed by the plaintiff of his relation to the defendant. The jury might well have inferred, as they probably did, that, even if the defendant knew that the plaintiff was the agent of the buyer, unless the plaintiff fraudulently induced him to believe he was acting only in his interest, a failure to disclose to the buyer the employment by the defendant would not bar a recovery. But, as we have said, the distinction is that, apart from any intention to defraud, where there are confidential relations with both buyer and seller, each must know of and assent to the twofold agency or neither is liable to the broker for his services. The exceptions to the refusal to give the fifth request and to the instructions upon the point raised must be sustained.

The sixth request was properly refused, and the instructions given were appropriate. If, when the plaintiff and the defendant's agent had their first interview, there was an agreement between the plaintiff and one Coughlin, who at the time was acting for the purchaser, to divide a lump sum which the plaintiff was to receive as a commission, it expired with Coughlin's death, which occurred before a sale had been effected. The plaintiff, in the declaration and at the trial, relied on the contract, which he contended was subsequently entered into as the result of various interviews, to pay him a commission of two per cent on the price received. But, if the contract at the outset between him-

self and Coughlin had remained in force, the agreement to divide commissions, having been disclosed to the defendant's agent at the time of employment, would not bar a recovery against her, for reasons fully stated in the recent case of *Quinn* v. *Burton*, 195 Mass. 277.

We do not deem it necessary to consider the exceptions to the exclusion of evidence, as they may not arise at the second trial, or, if raised, may be presented in another form.

*Exceptions sustained.*