R. L. DENNISON, Respondent, v. H. W. GAULT, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

**REAL ESTATE BROKER: Right to Collect Commission from Both Buyer and Seller.** A real estate agent can recover a commission from both the buyer and seller where he acted as agent for both, if it be shown that both had knowledge of his acting in the dual capacity and consented thereto.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Thomas P. Burns* for appellant.

The court erred in overruling defendant's instruction in the nature of a demurrer to the evidence and in giving plaintiff's instructions Nos. 1, 2, 3, and each of them, and in refusing defendant's instructions 7, 8, 10, and each of them. Chapman v. Currie, 51 Mo. 43; Carr v. Ubsell, 97 Mo. App. 331; Morrison v. Murphy, 36 Mo. App. 36; Bent v. Priest, 86 Mo. 482; Norman v. Roseman, 59 Mo. App. 685; Dennison v. Gault, 132 Mo. App. 301.

*R. M. Sheppard* and *C. V. Buckley* for respondent.

It is true that a real estate broker can not recover commission from both parties to the sale, and it is equally as well settled that he can collect a commission from both parties to the sale where they both consent thereto. Dennison v. Gault, 132 Mo. App. 303.

COX, J.—In this action plaintiff seeks to recover for expenses of a trip to the East, made, as he claims, under a contract with defendant and others, by which they had agreed to pay his expenses if he should go East and undertake to secure purchasers for certain

property which was in their hands for sale as real estate agents. Judgment was for plaintiff and defendant has appealed. This is the second verdict for plaintiff and the second appeal. The first is reported in 132 Mo. App. 301, 111 S. W. 844. On that appeal the judgment of the lower court was reversed and the cause remanded because the trial court had refused to instruct the jury that the plaintiff could not recover if he acted as the agent of both seller and the purchaser, unless it be shown that both had knowledge of his acting in the dual capacity and consented thereto. Upon this trial that issue was submitted to the jury by the following instruction.

"The court declares the law to be that an agent or broker is not permitted to act for both the purchaser and seller of property without the knowledge and consent of both the purchasers and sellers, and if you find that the plaintiff Dennison represented the purchasers of the brewery property mentioned in the evidence and received a commisson therefor, and that defendants were the agents or brokers of the seller, and that Dennison acted in the dual capacity of agent for both the buyer and the seller, without the knowledge and consent of defendants, then your verdict must be for the defendant."

For a statement of the facts detailed in evidence which made this instruction necessary, reference is made to the decision of this case upon the former appeal. The instruction given correctly declares the law applicable to the facts in this case, the jury has again found for the plaintiff and this ought to settle the matter. Judgment affirmed. All concur.