Bowers & King, Appellees, v. F. A. Roth, Appellant.

BROKERS: Commission from Both Parties. A broker (other than a mere middleman to bring two parties together) who is the agent of both vendor and vendee, may not recover compensation of *either* party unless it is made to appear that, at the time of the transaction, *both* principals had full knowledge of the broker's dual relation.

*Appeal from Poweshiek District Court.*—H. F. Wagner, Judge.

November 16, 1920.

Original action upon a promissory note in justice of the peace court. Judgment for plaintiff, and defendant appealed to the district court, where a trial was had to a jury, resulting in a verdict and second judgment in favor of plaintiff. Defendant appeals.—*Reversed.*

*Frank Bechly* and *M. W. Hyland,* for appellant.

*Boyd & Boyd,* for appellee.

STEVENS, J.—It is conceded that the consideration of the note was services rendered to defendant in a real estate transaction with one George Owens. It is further admitted that plaintiff was the agent of both the defendant and Owens, and that the latter paid the agreed commission. Defendant alleged, in his answer to plaintiff's petition, filed in justice of the peace court, that plaintiff represented Owens without his knowledge, and also that neither party knew that plaintiff was representing the other. Owens was called as a witness on behalf of defendant, and was asked to state whether he paid plaintiff a commission in the transaction in question. Objections to this and other questions seeking to show that plaintiff represented Owens were sustained. The defendant then offered to prove by the witness that plaintiff acted as agent for him (witness), and that, at the time of the transaction, and when the note in suit was executed, he had no knowledge that plaintiff was receiving a commission from the defendant. Objection that this testimony was incompetent, immaterial, and irrelevant, and did not tend to support any issue in the case, was sustained by the court. Defendant filed a motion for new trial, upon the ground, among others, that the verdict of the jury was not sustained by the evidence, and that the court committed error in excluding the testimony of Owens.

Contracts by which real estate and other agents agree and seek to represent and receive a commission from both the buyer and seller, are quite uniformly held to be contrary to public policy and good morals, and a recovery will be permitted thereon only when both principals are shown to have had knowledge thereof. *Rasmussen v. Hansen,* 176 Iowa 26; *Rodenkirch v. Layton,* 189 Iowa 430; *Murphy v. Albany P. Dev. Co.,* 169 Iowa 551; *Lindt v. Schlitz Brewing Co.,* 113 Iowa 200; *Glenn v. Rice,* 174 Cal. 269 (162 Pac. 1020); *Hoffhines v. Thorson,* 92 Kan. 605 (141 Pac. 253); *Dennison v. Gault,* 132 Mo. App. 301 (111 S. W. 844); *Bell v. McConnell,* 37 Ohio St. 396 (41 Am. Rep. 528); *Friar v.*

*Smith,* 120 Mich. 411 (79 N. W. 633); *Sullivan v. Tufts,* 203 Mass. 155 (89 N. E. 239); *Rice v. Wood,* 113 Mass. 133 (18 Am. Rep. 459); *Howard v. Murphy,* 70 N. J. L. 141 (56 Atl. 143); *Campbell v. Baxter,* 41 Neb. 729 (60 N. W. 90); *Green v. Southern States Lbr. Co.,* 141 Ala. 680 (37 So. 670); *Chapman v. Currie,* 51 Mo. App. 40.

If, therefore, only one of the parties knows of the dual agency, no recovery can be had from either. *Glenn v. Rice,* and other cases cited, supra. It is not sufficient if the proof shows only that the defendant knew of and consented to the arrangement by which the agent is employed to represent both parties. As was said by the Supreme Court of California in *Glenn v. Rice,* supra:

"The authorities, with practical unanimity, declare that, if an agent is engaged by both parties to effect a sale of property from one to the other, or an exchange between them, not as a mere middleman to bring them together, but actively, in inducing each to make the trade, he cannot recover compensation from either party, unless both parties knew of the double agency at the time of the transaction. The reason for the rule is that he thereby puts himself in a position where his duty to one conflicts with his duty to the other, where his own interests tempt him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did, in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double-dealing. And the fact that the party whom he sues was aware of the double agency and of the payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge by both parties. One party might willingly consent, believing that the advantage would ac-

crue to him, to the detriment of the other. The law will not tolerate such an arrangement, except with the knowledge and consent of both, and will enter into no inquiry to determine whether or not the particular negotiation was fairly conducted by the agent. It leaves him as it finds him, affording him no relief."

In numerous decisions of this court, we have emphatically declared that such contracts are void, unless both parties have knowledge thereof, and in *Rasmussen v. Hansen,* supra, we said:

"The rule that the defendant invokes is that it is *prima facie* contrary to public policy for a broker to act as agent for both vendor and purchaser in the sale of property, and that, when such double employment is shown, the agent is not entitled to recover compensation from either of his principals, without proof that both of them knew of the dual capacity in which he acted, and consented thereto. * * * *Meyer v. Hanchett,* 43 Wis. 246; *Scribner v. Collar,* 40 Mich. 375 (29 Am. Rep. 541); *Leathers v. Canfield,* 117 Mich. 277 (45 L. R. A. 33); *Hobart v. Sherburne,* 66 Minn. 171 (68 N. W. 841); *Young v. Trainor,* 158 Ill. 428 (42 N. E. 139); *Hannan v. Prentis,* 124 Mich. 417 (83 N. W. 102). The burden was on the defendant to show this double employment. The burden, then, would be on the plaintiff to show that both parties knew, and consented to it. We think that the defendant has not carried his burden to a successful issue. At least, there was a question for the jury, under this record, touching the fact relied upon to defeat plaintiff in his recovery."

Counsel for appellee cite and rely upon *Morey v. Laird,* 108 Iowa 670; *Redmond Bros. v. Henke,* 137 Iowa 228; *Lindt v. Schlitz Brewing Co.,* supra. The question now before us was not involved or discussed in any of the above cases, all of which, so far as the subject is given consideration, recognize the general rules stated above. Without reference to who had the burden of proof, it was competent for defendant to show that plaintiff was the agent of Owens, as well as himself, and that the employment by the latter

was unknown to the former. The court, therefore, should have permitted the witness to answer the questions propounded, and to introduce the offered testimony. It follows that the judgment of the court below must be and is— *Reversed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.