DEAKIN, Appellant, vs. SCHEUER, Respondent.

*November 14—December 11, 1923.*

Brokers: Middlemen: Acting as agent for both parties: Disclosure: Compensation.

1. A person engaging the services of an agent is entitled to the exclusive and undivided efforts of the latter in his behalf; and where an agent, unknown to his principal, upon an agreement for a commission, also engages to act for the purchaser or for a person with whom his principal desires to make an exchange, such agent cannot consistently represent both parties and collect compensation. This rule is subject to the exceptions that where the agent merely introduces the parties, or where he has made full disclosure to both parties, a double commission may be earned. p. 236.

2. The evidence in this case disclosing that plaintiff was acting in a dual capacity, not as a mere middleman, but as a broker, under an agreement for double commissions, without first having made a complete disclosure to both parties with respect to his hiring, he cannot recover a commission from either party, although one of them knew of the double agency. p. 237.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming a judgment of the civil court of Milwaukee county dismissing plaintiff's complaint with costs.

Both the parties are engaged in the real-estate business in the city of Milwaukee. In 1920 one Weber owned real estate at Hubbleton, Wisconsin, upon which was located a general store, a lumber yard, and coal shed, and the defendant was the owner of a farm consisting of about 225 acres of land in the vicinity of Burnett Junction. Weber engaged the services of the plaintiff to procure a purchaser for his property, òr some one with whom an exchange could be effected, it being agreed that the plaintiff would receive a commission of two per cent. upon the sale or exchange price of the property. It also appears that defendant's attention was called by the plaintiff to the Weber property, and that plaint-

iff opened up negotiations between Weber and the defend-
ant looking to an exchange of the respective properties of
the parties; and plaintiff testified that the defendant entered
into an agreement with him, pursuant to which the plaintiff
was to receive a reasonable commission if an exchange was
effected. The defendant had knowledge of Weber's agree-
ment with the plaintiff, by which the latter was to act for
Weber as an agent in procuring the exchange upon a com-
mission basis, but there is no evidence in the case to show
that Weber was ever informed or knew of an agreement
between the plaintiff and the defendant pursuant to which
the defendant also agreed to pay plaintiff a reasonable com-
mission.

Plaintiff thereupon became active in bringing about this
exchange, negotiated with the parties in order to procure a
meeting of minds, made representations to the defendant
that the exchange would be a desirable one to make, and in
substance boosted the Hubbleton property. He also accom-
panied the defendant upon an inspection tour to Hubbleton
and made an inspection of defendant's property at Burnett
Junction.

The minds of the parties, in November, 1920, met upon
definite terms for an exchange, and an agreement was
drafted by the defendant, signed by him and delivered to
the plaintiff, who procured the signatures of Weber and his
wife, and the agreement as so drafted was subsequently
actually executed in accordance with the terms thereof, with
the exception that the exchange was effected between Weber
and defendant's assignees. Under the written agreement be-
tween Weber and the defendant the price of Weber's real
estate and that of the defendant's farm was fixed, and Weber
was to obtain credit for the value of his merchandise stock
contained in his store, his lumber yard, and his coal shed, in
accordance with an appraisal to be made by three appraisers,
one to be selected by Weber, the other by the defendant, and
the third appraiser to be appointed by the two appraisers so

selected by the parties. In inventorying the personal property at Hubbleton the plaintiff acted as one of the appraisers for Weber, and while the evidence is neither clear nor satisfactory as to the extent of his activities in Weber's behalf, there is evidence to prove that, whenever disputes arose as to the price to be fixed upon certain property, the plaintiff, in compliance with his employment under his agreement with Weber, procured an adjustment in the latter's favor.

Upon the conclusion of the evidence submitted in behalf of the plaintiff, defendant's counsel moved for a nonsuit, which motion was granted by the civil court, and the plaintiff's complaint was thereupon ordered dismissed with costs, and judgment accordingly was entered, from which an appeal was taken to the circuit court, and the judgment of the civil court affirmed.

*Andrew Gilbertson* of Milwaukee, for the appellant.
*A. W. Foster* of Milwaukee, for the respondent.

DOERFLER, J. In its decision the civil court found that the plaintiff, in procuring the exchange of the properties referred to, acted in a dual capacity without having first made a full disclosure to both of the parties engaged in the exchange, and that such failure to make full disclosure, upon the grounds of public policy, debarred him of his right to a commission.

The doctrine is well settled that a party engaging the services of an agent is entitled to the exclusive and undivided efforts of the latter in his behalf; that where an agent, unknown to his principal, upon an agreement for a commission, also engages to act for the purchaser or for a party with whom his principal desires to make an exchange, such agent cannot consistently represent the interests of both parties; that in representing the one he must necessarily sacrifice the interests of the other, and *vice versa;* that he cannot sacrifice the interests of either party in order to further

his own individual interests by attempting to procure double commissions. 4 Ruling Case Law, 274, and numerous cases there cited in note 7.

To this rule there are two well defined exceptions: Where the agent acts as a mere middleman, and where he merely introduces the parties, leaving the bargain to be effected entirely to their negotiations, he may collect a commission from both. *Herman v. Martineau,* 1 Wis. 151; *Stewart v. Mather,* 32 Wis. 344; *Siegel v. Gould,* 7 Lans. 177; *Mullen v. Keetzleb,* 7 Bush, 253; *Rupp v. Sampson,* 16 Gray, 398; *Green v. Robertson,* 64 Cal. 75, 28 Pac. 446. Or where he acts as an agent for both parties, and has made a full and complete disclosure to each 'of the parties, a double commission may be earned. 4 Ruling Case Law, 275, and cases cited in note 9.

In the instant case it appears that the plaintiff neither acted as a middleman nor did he make full disclosure. He was first hired as the agent of Weber. In his negotiations with the defendant he represented Weber. Such representation was continued until the agreement was fully executed, as is shown by his serving in the capacity of Weber's appraiser. While a full disclosure of his relations with Weber was made by the plaintiff to the defendant, Weber at no time knew or was informed of the agreement made by plaintiff with the defendant under which the defendant agreed to pay plaintiff a commission. Under the evidence as thus disclosed plaintiff was acting in a dual capacity, not as a mere middleman, but as a broker, under an agreement for double commissions, without having first made a complete disclosure to both of the parties with respect to his hiring. Under such evidence the civil court was fully warranted in ordering the nonsuit. *Meyer v. Hanchett,* 43 Wis. 246. See, also, numerous cases cited in note to 93 Am. Dec. 173. "Even if the seller has knowledge of the double agency, but the buyer has not, the broker cannot recover from the former." *Sul-*

*livan v. Tufts,* 203 Mass. 155, 89 N. E. 239; *Dennison v. Gault,* 132 Mo. App. 301, 111 S. W. 844. See, also, extensive note in 24 L. R. A. n. s. 660, 661.

We are referred by plaintiff's counsel to the case of *Donohue v. Padden,* 93 Wis. 20, 66 N. W. 804, where, under the peculiar facts in that case, it was held by this court that the agent could recover from his principal notwithstanding he had entered into an agreement with the purchaser to also represent him. It appears, however, that in that case the agent was hired to procure a purchaser for a definite cash price. The agent, in procuring a purchaser for the price fixed by his principal, fully complied with his undertaking, and there was from the very inception nothing that the agent could do which would jeopardize the interests of his principal. The agreement did not provide for the highest price or for advantageous terms of credit. When he procured the purchaser at the fixed price his commission was earned, and no opportunity was afforded at any time whereby it could become possible for him to double-cross his principal.

The rule pertaining to the dual agency above referred to is not a mere arbitrary, technical rule, but is founded upon reason and logic. Where the facts are such as to make the rule inapplicable the reason for the rule ceases, and the rule itself does not become effective. But where an agent is intrusted with a duty, pursuant to which he can consistently represent but one party, then a violation of his duty becomes a breach of trust and an act of disloyalty towards his principal.

The public policy of this state on the subject at issue is expressly declared by the provisions of sec. 4575*m* of the Statutes, under which the promise or payment of a commission to an agent by a third person, without the knowledge or consent of the principal, constitutes a criminal offense punishable by fine or imprisonment, or by both fine and impris-

onment.  An agent can no more legally accept a double compensation, unless he brings himself under the exceptions to the rule, than can an attorney at law represent both the plaintiff and the defendant in a lawsuit.  What is needed in this day and generation is more honesty, devotion, and loyalty on the part of agents, and less dishonesty, disloyalty, and corruption.  By far the great bulk of the business of the world under our complex industrial and commercial system is performed by means of agents.  The relationship of an agent to his principal is in the nature of a trust.  Business would soon become honeycombed with corruption if the rule were otherwise than as above indicated, and we are satisfied that the learned circuit judge was right in affirming the judgment of the civil court.

*By the Court.*—Judgment affirmed.