MALCOLM McDONALD v. GEORGE L. MALTZ.

| 78  685 |
| 94  172 |

*Statute of frauds—Contract for purchase of land.*

A verbal agreement to purchase land and convey it to a "pine-land broker," in payment of his commissions on a land sale, is void under the statute of frauds.

Error to Alpena. (Simpson, J., presiding.) Argued November 7, 1889. Decided December 28, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Depew & Rutherford,* for appellant.

*Turnbull & Dafoe,* for plaintiff.

CHAMPLIN, J. McDonald had examined and estimated the pine upon two parcels of land belonging to one Ortmann, who resided in the city of Detroit. It appears that McDonald was a sort of middleman or "pine-land broker," as they sometimes style themselves, who brought sellers and purchasers of pine land together, and obtained a commission from one or both parties for making the sale.

McDonald claims that he saw Mr. Maltz before going to Detroit to see Ortmann, and told him he had pieces of land, and asked him, if he could buy them right would he go in; and he told him if they were suitable, and all right, he would go in. He negotiated with Ortmann, and finally agreed upon a contract price of $17,000 for one tract, and $4,000 for another. He directed Ortmann to have the contracts made out to Maltz as purchaser, and send them forward to the Alpena National Bank for

collection.   That they were so forwarded, and that then he made an agreement with Maltz that he should take the contracts, and pay him $1,000 for the $17,000 contract, and he should purchase two 40-acre lots, worth about $100 each, from Albert Pack, and convey them to McDonald for his commission on the $4,000 lot; that he had asked him to pay him $200 on the $1,000, and he refused.

Mr. Maltz claims that McDonald came to him some time previous to September 8, 1887, and said he had some minutes of pine land, and he might want the contract put in his name; that it was a good thing, and he would have somebody buy it soon after the contract arrived at the city of Alpena.   About September 10 two contracts came to the Alpena National Bank, with drafts attached. One was for $17,000, and the other $4,000, and the first payment was to be $5,250.   He informed McDonald, and he said it was all right, that he had three or four fellows, and wanted him to hold on a few days, and the drafts would be taken off of his hands; and it ran along, and he still wanted him to hold on a few days longer.   He told McDonald that the way the drafts were drawn they would have to be closed up in a day or two.   That finally he came to Maltz, and told him that he thought he could get $21,000 if he (Maltz) would advance the first payment to carry the thing along.   On the 15th he told McDonald that he would have to send the drafts back that day. He wanted Maltz to see Albert Pack, and, after consulting with him, he did advance the first payment, McDonald agreeing to sell the $17,000 tract for $20,000, and, when he did so, Maltz agreed to pay him $1,000. In regard to the $4,000 tract, he wanted Maltz to get two certain 40-acre lots from Pack, and convey to him.   Maltz told him if he could get the land it would be equivalent to money, providing they made $400 or $500 on this

$4,000 tract.    Such were the claims and testimony of the two parties to this suit.

Plaintiff brought this suit to recover $2,000 for commissions on the purchase and sale of certain real estate which plaintiff procured for defendant, and caused to be sold to him. The declaration also contained the common counts in *assumpsit*.    On request, plaintiff furnished a bill of particulars, in which he claimed commissions on sales of lands, referring to the lands in question. The plaintiff recovered, under his theory and the charge of the court, the $1,000 claimed, and also $200 as the value of the land agreed to be conveyed by Maltz to him.

This was error.    The contract set out in the testimony of plaintiff, whereby Maltz agreed to purchase the two 40-acre tracts, and convey to him, was void under the statute of frauds, and could not serve as a basis of the recovery of the value of such lots.    The court in his charge made a slight mistake in stating the respective claims of the parties, and the testimony by which they were sustained, which will not likely occur upon another trial, and need not be noticed.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.