## MALCOLM McDONALD v. GEORGE L. MALTZ.

[See 78 Mich. 685.]

*Real-estate brokers—Agent for both parties—Commissions.*

1. This case was reversed on the former hearing upon the sole
   ground that a part of the contract relied upon by plaintiff was
   void under the statute of frauds, and the question now raised
   was not discussed or passed upon.

2. A land broker who negotiates a sale under an arrangement with
   the purchaser, which is unknown to the land-owner, that he
   is to have a commission on the sale, and who also receives a
   commission from the land-owner, which fact he conceals from
   the purchaser, cannot recover the agreed commission, it
   appearing that both parties relied to some extent upon his
   judgment as to the amount of timber on the land, and its
   value.[1]

Error to Cheboygan. (Pailthorp, J.) Argued November
18, 1892. Decided December 22, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion, and in 78 Mich. 685.

*J. D. Turnbull,* for appellant.

*W. E. Depew (McKnight, Humphrey & Grant,* of
counsel), for defendant.

LONG, J. This case was in this Court at the October
term, 1889, and is reported in 78 Mich. 685, when the
judgment was reversed, and a new trial ordered. The
cause has again been tried, and, under the direction of the
court, judgment entered in favor of the defendant.

The facts are fully set out in the former opinion, and
do not materially differ from those appearing in the

---

[1] See *Montross v. Eddy, ante,* 100.

present record.  The plaintiff had been acting as the agent.
of Charles L. Ortman at different times in the sale of
land.  He met Ortman in Detroit, and commenced nego-
tiations with him for the sale of certain lands, out of
which commissions are claimed from the defendant in the
present case.   Ortman asked $27,000 for them.   After
going over the lands with Ortman's agent, he convinced
Ortman that they were worth $17,000 only, and Ortman
agreed that he might sell them at that figure on commis-
sion.   After some talk with defendant about these lands,.
a bargain was closed by which defendant agreed to take
them at the figures fixed by plaintiff, and at which Ortman
agreed they might be sold.   This suit is brought to recover
from the defendant commissions which plaintiff claims he
agreed to pay.   The agreement, as plaintiff claims it, was
that for certain tracts he was to receive $1,000 commission,
and for the balance of it defendant was to purchase for
him two 40-acre tracts of land from Mr. Pack, which were
of the value of about $200.

When the case was in this Court upon the former hearing, it
was held that the agreement claimed by plaintiff, that the
defendant was to purchase for him these two 40-acre tracts,.
was void, under the statute of frauds.   That question was
there disposed of, and need not be discussed here.   It is
claimed by plaintiff, however, that the question of his
right to recover the claimed commission of $1,000 was
also passed upon and settled in favor of his contention.
On the other hand, it is claimed by the defendant that
the question of the commissions, aside from the deed of
the two 40-acre tracts, was not necessarily passed upon,
and was not at all discussed, in that case.   It appears
from the former opinion that the case was reversed, when
here before, upon the sole ground that a part of the con-
tract relied upon by plaintiff was void under the statute

of frauds; the other questions now raised not being dis-
cussed or passed upon.

From the showing before us in the present record, it
appears that the plaintiff did not disclose to Mr. Ortman
that he was getting from defendant any commission, and
that Ortman paid him a commission of $525. Plaintiff
says that, in his talk with defendant, he was to get the
land at as low a figure as possible, if defendant went in
with him, and he was to have for his share the $1,000 and
the deed of the two 40's. He also testifies that defendant
asked him how much commission he was getting out of
that, and he told defendant that was his business, and not
the defendant's. At that time he had a letter from Ort-
man in reference to the lands, and showed it to the defend-
ant, but turned down the part of it relating to commissions,
so that defendant could not see it. From the whole record
it appears that the plaintiff was not only receiving com-
missions from Ortman, which was unknown to defendant,
but was also, at the same time, making a bargain for an
interest in the land and for commissions from the defend-
ant. He was making representations to Ortman that the
land was not worth the amount which he (Ortman) claimed,
and at the same time representing to the defendant that
it was worth more than they were paying for it. It is
evident from the facts shown that the defendant, as well
as Ortman, was relying to some extent upon plaintiff's
judgment as to the value of the lands. He was acting as
the agent of Ortman in their sale, and at the same time
making a bargain with defendant for their purchase, and
asking commissions from him, without disclosing his rela-
tions with Ortman, from whom he was also getting a com-
mission.

The facts appearing in the record, and undisputed,
bring the case out of the rule laid down in *Ranney v.*

*Donovan,* 78 Mich. 318, 329, and cases there cited. There the plaintiff was simply the go-between or middleman, and the Court put his right to recover expressly upon the ground that no confidence was reposed in him by either party that he would exert his skill and judgment to get the land at a lower price, or sell it for a larger sum. All he did was to bring the buyer and seller together, and they made their own bargain.

In *Scribner v. Collar,* 40 Mich. 375, the plaintiff, as agent, was retained by different persons on commission to negotiate sales or exchanges of their property, and he brought about an exchange between two of them, neither knowing he was acting for the other. The action was brought to recover commissions. It was said:

"The opinion has been expressed that where the person is employed merely as a middleman to bring persons together, and has no duty in negotiation, and has not employed his skill, his knowledge, or his influence, he may lawfully claim pay from both parties. *Rupp v. Sampson,* 16 Gray, 398; *Siegel v. Gould,* 7 Lans. 177. No doubt such cases may occur, but their exceptional character should appear clearly before they should be exempted from the general principle. * * * But the cases are nearly, if not quite, uniform, that where the double employment exists, and is not known, no recovery can be had against the party kept in ignorance; and the result is not made to turn upon the presence or absence of designed duplicity and fraud, but is a consequence of established policy."

It is not necessary to rest the present case upon the question of public policy alone, as it is evident that the parties upon both sides were placing some reliance upon the judgment and skill of plaintiff as to the amount of timber upon the land, and its value. Under such circumstances, good faith to the defendant required that the agent should disclose fully to him his relations with Mr. Ortman. *Moore v. Mandlebaum,* 8 Mich. 443; *Everhart v. Searle,* 71 Penn. St. 259; *Bell v. McConnell,* 37 Ohio St.

399; *Cottom v. Holliday,* 59 Ill. 179; *Meyer v. Hanchett,* 39 Wis. 423; *Collins v. McClurg,* 1 Colo. App. 348;. *Oscanyan v. Arms Co.,* 103 U. S. 271.

The judgment must be affirmed, with costs.

The other Justices concurred.