## JAMES T. YOUNG

*v.*

## JOHN W. TRAINOR.

*Filed at Ottawa October 11, 1895.*

1. BROKERS—*withdrawal of offer before acceptance—effect on broker's right to compensation.* The withdrawal of an offer for the exchange of real property before it is accepted by the other party, defeats a broker's right to compensation under a mere promise, without consideration, to pay him for effecting the exchange, although he had procured the other party to sign his name to the offer which was made to him, and the latter was in fact willing and able to perform the proposed agreement on his part.

2. SAME—*acting as agent of both parties—effect on right to commissions.* A real estate agent acting as the agent of both parties to an exchange of property, with a promise of a commission from each of them, cannot recover a commission from one of them who did not know of and consent to his agency for the other party.

*Young* v. *Trainor*, 57 Ill. App. 632, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is a suit brought by James T. Young, appellant, against John W. Trainor, appellee, to recover for services alleged to have been rendered by Young in securing for Trainor the acceptance of a proposition for the exchange of certain real estate belonging to Trainor. Young is a real estate agent and dealer in Chicago, and in the fall of 1891 one J. T. Winter placed in his hands a block of buildings located on the corner of Cloud court and State street, in Chicago, which he desired either to sell or exchange for other property. Trainor, who had learned that this property was for sale, wished to purchase it. With this end in view he called upon Young, whom he informed of his desire. Thereupon, at Trainor's request and dictation, Young wrote out the following proposition:

"CHICAGO, *November 5, 1891.*

"I will give ten acres south of One Hundred and Eighth street, fronts State and Wentworth avenue; three acres, more or less, fronting State and Michigan avenue, on both sides of where One Hundred and Eighth street will be; also lots 9 and 10, Nichol's & McColough's sub., on both sides of Dearborn street, about eighty-four feet front on the above Fifty-fourth street and Dearborn, to be delivered free and clear of incumbrance, and $15,000 cash, for seven stores and flats on south-west corner of Cloud court and State street, also two buildings in the rear, the said buildings to be finished and delivered clear of all incumbrances, except lease to be assumed by said Trainor."

After it had been written it was read by Young to Trainor, who signed it. James P. Giblin, who was present in Young's office at the time, signed it as a witness. Trainor then requested Young to obtain Winter's signature to said paper. This Young did. After Winter had signed the supposed agreement, Trainor withdrew his offer, and instructed Young to take no further steps in the matter.

The money, which this suit was brought to recover, is the sum of $1000, which Young claimed Trainor promised to give him if he obtained the signature of Winter to the proposition above set out. Trainor denied that he made any such promise, and refused to pay the demand. The cause was tried in the circuit court of Cook county, before a jury, who returned a verdict in favor of Trainor. The judgment rendered on the verdict was affirmed by the Appellate Court, and from said judgment of affirmance this appeal is prosecuted.

FARSON & GREENFIELD, for appellant.

WINSTON & MEAGHER, and SILAS H. STRAWN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

If it were admitted that appellee promised to pay appellant $1000 if he obtained the signature of Winter to the written proposition here in question, still it is plain that appellee had in contemplation a signing such as would bind Winter. In fact, no other presumption is reasonable. Appellant did not accomplish this task. Winter's name was not signed to the paper in such a manner as to constitute an acceptance by him of the proposition therein contained. The supposed contract was in nowise binding upon him. *Winter* v. *Trainor*, 151 Ill. 191.

After Winter had thus signed this paper, appellee withdrew his proposition and informed appellant that he would not make the proposed exchange. Winter thereafter expressed his willingness to make the exchange, and appellant contends that even if Winter was not bound by the paper, still the fact that Winter was ready, willing and able to effect the proposed exchange entitles him to the promised remuneration. This contention is without merit, for at the time appellee withdrew his proposition it had not been accepted by Winter, and appellant, consequently, had not earned the $1000. No reason is perceived why appellee could not withdraw his promise to remunerate appellant at any time before the latter had done that for which he was to be paid, without making himself liable to appellant. Such act on the part of appellee was not the rescinding of a contract, but merely the withdrawal of an offer of a reward, for no consideration had emanated from appellant, nor had he made any promise by which he was himself bound.

There is another reason why appellant cannot prevail in this suit. His own testimony shows that he was acting as the agent of both Trainor and Winter, for he admitted that he was to get a commission from the latter if he disposed of his property. (*Warrick* v. *Smith*, 137 Ill.

504.) Appellant made no attempt to rebut the presumption of unfair dealing necessarily arising from this double agency, by showing that appellee knew he was acting as Winter's agent, and had given his consent that he should so act.

The record is not entirely free from erroneous rulings on the part of the trial court, but from the views herein expressed it follows that the judgment of the Appellate Court must be affirmed.  *Judgment affirmed.*