124  417
144  412

## HANNAN *v.* PRENTIS.

1. REAL-ESTATE AGENTS—CONTRACT OF EMPLOYMENT—STATUTE OF
   FRAUDS.
   A contract of employment of a broker to sell real estate is
   not within the statute of frauds.

2. SAME—COMMISSIONS—WHEN EARNED.
   A broker employed to effect an exchange of property earns his
   commission when he procures a customer ready to make an
   exchange on terms satisfactory to the employer.

3. SAME—DOUBLE COMMISSIONS.
   A broker employed to effect an exchange of property on the
   best terms he can secure forfeits his right to commissions if,
   without his employer's knowledge, he accepts commissions
   from the other party.

4. SAME—BURDEN OF PROOF.
   The burden is on the broker to show that his employer knew
   of the double commissions.

Error to Wayne; Frazer, J. Submitted April 11, 1900. Decided June 5, 1900.

*Assumpsit* by William W. Hannan against John F. Prentis to recover a commission for procuring a purchaser of real estate. From a judgment for plaintiff, defendant brings error. Reversed.

*Walter Ross*, for appellant.

*Alfred J. Murphy*, for appellee.

MONTGOMERY, C. J. This is an action to recover a commission for procuring a purchaser of a vacant lot in the city of Detroit. The plaintiff acted through employés of his office. Walter C. Wooley, a real-estate broker employed in plaintiff's office, testified that defendant's brother, Browse T. Prentis, listed the property with him for sale at the price of $6,000, or for trade for improved property. He testified: "We had no further talk with reference to this property, except that I would try and secure a customer for him." Eugene Reynolds, another broker in plaintiff's employ, testified:

"I saw that this property—the property on Lafayette avenue—was listed on our book for exchange for improved store property. We had the houses of Mr. A. C. Peoples, on Lincoln avenue, just about completed at the time. We had it for sale or exchange, and I went in to see Mr. B. T. Prentis about it, and told him about it. After some appointments with him, he came out with me one evening, and I showed him through the Peoples property. He said he would make a proposition on it. I went to see him then, I think, the next day; and he said he would have to have his brother, John F. Prentis, go and see it, as his brother was interested. That was the first I knew that John F. Prentis was interested in it at all. Up to that time I had not seen John F. Prentis. After I knew he was interested in it, of course, I called on John F., and had him go and see the property. He told me to see his brother, B. T. Prentis, and John F. told me B. T. would make me a proposition, and that anything B. T. did was satisfactory to him. I then called on B. T. Prentis,

and worked on him until I got his written proposition on the exchange of his property for the Lincoln-avenue property."

Browse T. Prentis testified that he had no knowledge that Reynolds was to get a commission from Peoples, and never knew that he was acting for Peoples. The testimony offered by the plaintiff tended to show that the trade fell through by reason of a defect in the title of defendant to the vacant lot. The defendant's testimony tended to show that Browse T. Prentis had no authority from his brother to make the agreement either with plaintiff or Peoples. The jury found these issues for the plaintiff.

The defendant raises a number of questions which are based on the statute of frauds, but as a contract of employment need not be in writing, and as the commission is earned when a customer is procured ready to purchase at the price agreed, or to make an exchange on terms satisfactory to the employer, it is not conceived that the statute of frauds is an obstacle. There is, however, an impediment to plaintiff's recovery, arising out of his dual employment. The circuit judge appears to have been of the opinion that the employment of plaintiff was to bring the two parties together, and that therefore the fact that plaintiff was to receive a commission from Peoples furnished no obstacle to recovery. We do not so read the record. By the terms of the employment, the duty of plaintiff appears to have been to secure the best trade for the defendant that he could. In case of an exchange, the value of the property received was necessarily uncertain, and clearly Mr. Prentis would not be expected to be "worked on" by one having an adverse interest. If the employment had been simply to find a customer at a stated price, the fact that the plaintiff expected a commission from the customer would not have barred recovery. *Montross* v. *Eddy*, 94 Mich. 100 (53 N. W. 916, 34 Am. St. Rep. 323 ). But the exchange of property involves, of necessity, negotiation. The price of property to be re-

ceived in exchange was not fixed, and the duty to find a customer to make exchange involves an obligation to find the best customer obtainable. Under such an employment, the employer has a right to assume that the agent is acting solely in his interest, until apprised to the contrary; and the *onus probandi* rests with the agent to show that he was so apprised. *Scribner* v. *Collar*, 40 Mich. 375 (29 Am. Rep. 541); *Humphrey* v. *Transportation Co.*, 107 Mich. 163 (65 N. W. 13); *McDonald* v. *Maltz*, 94 Mich. 172 (53 N. W. 1058, 34 Am. St. Rep. 331). See, also, *Friar* v. *Smith*, 120 Mich. 411 (79 N. W. 633).

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.