FLATTERY *v.* JAMES CUNNINGHAM, SON & CO.

1. PRINCIPAL AND AGENT—AUTHORITY—AGREEMENT TO PAY COMMISSIONS—QUESTION FOR JURY.

Where defendant's traveling agent testified that he was authorized by defendant to pay commissions to persons assisting him in making sales for defendant, and that, as to some of the sales which plaintiff assisted in bringing about, defendant was informed beforehand of the amount of commissions to be paid, and agreed to pay the same, a requested instruction that, under such testimony, it appeared that the agent had no authority to agree to pay commissions on sales, was rightly refused, and, the testimony being contradicted by that of defendant's manager, the question of authority was properly left to the jury.

2. SAME—DOUBLE COMMISSIONS—MIDDLEMAN.

Where, by agreement between defendant, a manufacturer of funeral cars, and plaintiff, an undertaker, the latter was to be paid a commission for assisting defendant in making a sale to a liveryman, and plaintiff told the liveryman that, in order to attend to plaintiff's business, he must have additional hearses, and he brought defendant and the liveryman together, and a sale was made, plaintiff was not precluded from recovering commission on the ground that he had acted for both parties; plaintiff having had no part in fixing the price, nor having been compensated by the buyer.

Error to Wayne; Hosmer, J. Submitted December 7, 1900. Decided December 31, 1900.

*Assumpsit* by Charles N. Flattery against James Cunningham, Son & Company for commissions on the sale of goods. From a judgment for plaintiff, defendant brings error. Affirmed.

*Fred A. Baker*, for appellant.

*Bowen, Douglas & Whiting* (*James O. Murfin*, of counsel), for appellee.

MOORE, J. The defendant is a corporation selling coaches and funeral cars. It had in its employ a traveling agent named Closs. Plaintiff claims the defendant authorized Closs to pay him commissions, where he could assist him in making sales, and that he did assist in making sales, which entitled him to commissions amounting to $325.75. The jury rendered a verdict for $240.75.

Two questions are discussed by counsel for defendant. The first one is that the court should have charged the jury that, under the testimony of Mr. Closs, there is no authority shown to pay a commission on sales. Mr. Closs testified that the company authorized him, whenever a person could assist him in making a sale, to make the matter right with him, and pay him a commission for doing so. He also testified that, as to some of the sales plaintiff assisted in bringing about, the company was informed of the amount of commission which was to be paid to the plaintiff before the sale was completed, and agreed to pay it. The manager of the defendant denied this testimony. This raised a question of fact, which we think was properly submitted to the jury.

The second point is that the plaintiff could not act for both buyer and seller in making a sale, and could not recover any commission on sales made to Mr. Straight; citing *Tewksbury* v. *Spruance*, 75 Ill. 187; *Scribner* v. *Collar*, 40 Mich. 375 (29 Am. Rep. 541); *McDonald* v. *Maltz*, 94 Mich. 172 (53 N. W. 1058, 34 Am. St. Rep. 331). There can be no doubt of the rule, but it is claimed on the part of the plaintiff that it does not apply to this case. The plaintiff was an undertaker. Straight was a liveryman, whose carriages, hearses, and teams were used at funerals conducted by the plaintiff. He insisted that, if Straight was to have his business, he must get two additional hearses. Straight decided to buy them. The agent of defendant and Mr. Straight were brought together through the plaintiff. The latter had nothing to do with fixing the price, nor did Straight pay the plaintiff a

commission.    We do not think the cases cited by counsel should bar the plaintiff from a recovery, if Mr. Closs was authorized to make the arrangement which it is claimed he did make.

Judgment is affirmed.

The other Justices concurred.