F. L. BUNN *et al.*

*v.*

JOHN ROSS KEACH *et al.*

*Opinion filed February 21, 1905.*

1. APPEALS AND ERRORS—*when a finding of facts by Appellate Court is binding.* Where the question whether there is any evidence tending to support the cause of action is not preserved in the record as one of law, a finding of facts by the Appellate Court is binding upon the Supreme Court as to such facts, and the only question for that court is whether the Appellate Court correctly applied the law to the facts so found.

2. SAME—*facts not found by Appellate Court are presumed to have been found the same as by the trial court.* Facts not incorporated by the Appellate Court in its finding of facts on reversing without remanding will be presumed to have been found by, the Appellate Court to be the same as found by the trial court.

3. PRINCIPAL AND AGENT—*agent to sell land cannot act secretly for purchaser also.* An agent to sell land or find a purchaser can not recover his commission from the seller where he was already in the employ of the purchaser without the knowledge and consent of the seller and was guilty of bad faith toward the seller pending negotiations for the sale.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Green county; the Hon. O. P. THOMPSON, Judge, presiding.

RAINEY & JONES, JAMES S. NEVILLE, and BARRY & MORRISSEY, for appellants:

Where there is a recital of facts controlling some of the issues and no recital of facts as to other issues, it will be presumed that the Appellate Court found in respect of the latter as did the trial court, and the judgment of the trial court will be affirmed. *Sellers* v. *Thomas,* 185 Ill. 384; *Hayes* v. *Insurance Co.* 125 id. 626.

In order to make the Appellate Court's finding of facts conclusive on this court there must be evidence tending to support such finding. *Brewing Co.* v. *Klassen,* 185 Ill. 37.

Whether or not the record contains any evidence tending to establish a fact is a question of law for the Supreme Court. *Commercial Ass.* v. *Scammon,* 126 Ill. 355.

Where the principal is possessed of a knowledge of the terms of the contract and the benefit which his agent is to receive under it, and accepts and performs the contract, the principal is then held to waive it or. to be estopped to make any objection to it that could have been made without such knowledge. *Hale Elevator Co.* v. *Hale,* 201 Ill. 131.

An acceptance of the benefits of the transaction imposes the obligation to assume its burdens and operates to confirm it as a whole; and a ratification once made becomes as irrevocable, obligatory and binding as if the act of the agent were previously authorized. *Rolling Stock Co.* v. *Railroad Co.* 34 Ohio St. 450.

Parties will be held estopped by their acts. *Walker* v. *Mulvean,* 76 Ill. 18.

If the principal knows of the double agency the broker can recover, and such knowledge may be implied. *Cox* v. *Haun,* 127 Ind. 325.

When a party learns of the double agency before he has consummated·a contract and with such knowledge enters into a contract, he cannot afterwards refuse to pay commissions according to the terms of his agreement. *Hapner* v. *Herron,* 165 Ill. 242.

The general rule does not apply in a case where the dual capacity of the agent is known to the principals. *Black* v. *Miller,* 71 Ill. App. 342; *Estate of Smythe* v. *Evans,* 108 id. 145.

If both parties have knowledge of the double.agency the broker can recover from both. *Jones* v. *Henry,* 36 N. Y. Sup. 483; *Jarvis* v. *Schaefer,* 105 N. Y. 289.

A real estate broker having no discretion as to price and terms may recover his commissions from the vendor although he also served the vendee. *O'Neill* v. *Sinclair,* 54 Ill. App. 298; 153 Ill. 525.

Where the broker is invested with no discretion as to price and terms of sale he may contract for and recover commissions from both parties. *Alexander* v. *M. W. C. U.* 57 Ind. 466; *Gracie* v. *Stevens,* 67 N. Y. Sup. 688; *Kanauss* v. *Brewing Co.* 142 N. Y. 70; *Jones* v. *Henry,* 36 N. Y. Sup. 483; *Haviland* v. *Price,* 26 id. 757.

WILLIAM BROWN, and H. C. WITHERS, for appellees:

It was incumbent upon Bunn & Kirkpatrick to show that Mrs. Keach knew that they were acting as Fairbanks' agents, and that she had given her consent that they should so act. *Young* v. *Trainor,* 158 Ill. 428; *Warrick* v. *Smith,* 137 id. 508; *Meyer* v. *Hanchett,* 39 Wis. 419; *Lawrence* v. *Rhodes,* 188 Ill. 100; *Farnsworth* v. *Hemmer,* 1 Allen, 494; *Rice* v. *Wood,* 113 Mass. 133; *Walker* v. *Osgood,* 98 id. 348; *Bell* v. *McConnell,* 37 Ohio St. 396.

Fair dealing is essential to all contracts. The secret engagement to Fairbanks, undisclosed to Mrs. Keach at the time she signed the contract, constituted a fraud upon her, and such contract was not binding upon her unless she subsequently ratified the same, with full knowledge on her part of all the circumstances of the double agency; and of this there is no proof. *Meyer* v. *Hanchett,* 39 Wis. 419; *Farnsworth* v. *Hemmer,* 1 Allen, 494; *Walker* v. *Osgood,* 98 Mass. 348; *Bollman* v. *Loomis,* 41 Conn. 581; *Everheart* v. *Searle,* 71 Pa. St. 256; *Stewart* v. *Mather,* 32 Wis. 344; *Raisin* v. *Clark,* 41 Md. 158; *Lloyd* v. *Colson,* 5 Bush, 587.

The special findings of the Appellate Court are conclusive and not subject to review. *Brown* v. *Aurora,* 109 Ill. 169; *Rogers* v. *Railroad Co.* 117 id. 117.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellants, F. L. Bunn and W. A. Kirkpatrick, filed their claim in the county court of Greene county against the estate of Anna C. Keach, deceased, for $16,880, commis-

sions, at $2 per acre, on the sale of 8440 acres of land in said county, in pursuance of the following written contract:

"I agree to pay F. L. Bunn and W. A. Kirkpatrick, of Bloomington, Ill., the sum of two ($2) dollars per acre for selling my farm, or will pay same commissions if they furnish or send parties who will purchase the property at a price satisfactory to me.

ANNA C. KEACH.

"Dated at Keach's Ranch, Bluffdale, Ill., this 15th day of January, 1901.

"Accepted.—F. L. BUNN, for Bunn & Kirkpatrick."

The claim was disallowed in the county court, but on appeal to the circuit court there was a trial by the court without a jury and the full amount of the claim was allowed. A writ of error was sued out from the Appellate Court for the Third District, where the judgment was reversed without remanding the cause, and the following finding of facts was incorporated in the judgment: "We find that at the time the contract for the payment of a commission to defendants in error upon the sale of real estate sued on in this case was executed by the vendor, Anna C. Keach, the defendants in error had a contract with the Messrs. Fairbanks for the payment by them to the defendants in error of a commission upon the purchase of the same real estate, and that the defendants in error did not disclose to said Anna C. Keach the fact that they had such contract with the Messrs. Fairbanks, and that the said Anna C. Keach never consented to such double agency. We further find that the defendants in error were guilty of bad faith toward the said Anna C. Keach in concealing from her the existence of their contract with the Messrs. Fairbanks, and in their conduct toward the said Anna C. Keach pending the negotiations for the sale of said real estate." From the judgment of the Appellate Court this appeal was prosecuted.

It is contended by counsel for the appellants that there was no evidence tending to support material portions of the above finding of facts, and that the finding that appellants did not disclose to Mrs. Keach the fact of their double

agency was an immaterial finding and did not justify the judgment of the Appellate Court, for the reason that they were not required to disclose the same. The only question being one of fact, the finding of the Appellate Court is binding upon us. We can only determine whether that court properly applied the law to the facts as found. If the law is that an agent to sell real estate or find a purchaser therefor can not recover his commissions from the seller if he is agent for both seller and purchaser and does not disclose the fact of his double agency, and the seller does not consent thereto, and the agent is guilty of bad faith toward the seller pending the negotiations for the sale, then the judgment of the Appellate Court must be affirmed.

Counsel for appellants are correct in their statement of the law that the Appellate Court is presumed to have found all the facts not contained in the recital incorporated in the judgment the same as they were found by the trial court. (*Sellers* v. *Thomas,* 185 Ill. 384.) The Appellate Court therefore found the same as the trial court, that appellants performed their part of the contract either by selling the farm or sending some one who purchased it at a price satisfactory to Mrs. Keach. The evidence was, that on January 4, 1901, Kirkpatrick was in Greene county with L. M. Fairbanks and W. D. Fairbanks. Kirkpatrick had shown them other lands and then went with L. M. Fairbanks to the Keach farm, W. D. Fairbanks being at Carrollton. Before going into the house Fairbanks agreed to pay $500 as commission in case he should buy the property, and Kirkpatrick then introduced him to Mrs. Keach for the purpose of negotiating a purchase. The parties did not agree on any price at that time, but Fairbanks informed Kirkpatrick what he was willing to give for the land. Eleven days afterward the contract was made with Mrs. Keach, and on January 18, 1901, she made a lease of the land for ten years from March 1, 1901, to L. M. and W. D. Fairbanks, with the privilege on their part of renewal for another term of ten years, and

an option to purchase the land at any time during the lease for $275,000. The lease contained a mere option to the Fairbanks and did not bind them in any way, so that there was no sale, or contract for a sale, at that time, and the execution of the lease was not a performance of the appellants' contract. (*Lawrence* v. *Rhodes,* 188 Ill. 96.) Two years afterward, on February 3, 1903, Mrs. Keach, with other part owners of the land, conveyed the same to L. M. and W. D. Fairbanks for $200,000. The sale, therefore, was not in pursuance of the option, which was not accepted. The conclusion of the trial court and the finding of the Appellate Court must have been that appellants performed their contract by sending to Mrs. Keach parties who purchased the property at a price satisfactory to her, which was $75,000 less than the option price, although they had already introduced such purchasers and opened negotiations before the contract with Mrs. Keach was made.

The general rule is that an agent cannot act for two parties whose interests are adverse. The rule that a man cannot serve two masters is as well established in law as in morals, and an agent employed to sell cannot also be agent for the purchaser unless the principal sought to be held liable has consented. An agent to sell property owes to his principal the exercise of his best efforts and skill to obtain as large a price for it as he can, and the interest of the purchaser is to buy it for as low a price as he can obtain. Where an agent acts for both parties in a contract requiring the exercise of discretion, the double agency is available as a defense in an action on the contract. (1 Am. & Eng. Ency. of Law,—2d ed.— 1073; Story on Agency, sec. 210.) In *Fish* v. *Leser,* 69 Ill. 394, it was held that where an agent employed to sell property sells the same to a purchaser for whom he is acting as agent, the seller may in equity avoid the contract; and in *Warrick* v. *Smith,* 137 Ill. 504, it was held that the same man cannot act at the same time for both seller and buyer, because his duty to one is inconsistent with his duty to the

other.  It was decided in *Young* v. *Trainor,* 158 Ill. 428,
that an agent could not recover for services rendered in
securing an exchange of real estate where he acted as the
agent for both seller and purchaser, and failed to show that
defendant knew he was acting as the agent of the opposite
party and had given his consent that he should so act.  By
the terms of this contract Mrs. Keach was to pay a commis-
sion for selling her farm, and as her agents it was the duty
of appellants to work for her interest and obtain the highest
price possible.  Appellants had already become the agents of
the Fairbanks and had assumed the responsibility of obtain-
ing the real estate for them at the lowest possible price.  Mrs.
Keach was to pay the same commission if appellants would
send parties to her who would purchase at a price satisfac-
tory to her, and the performance of their duty to the Fair-
banks required them to induce her to sell at the lowest price.
The price must always be satisfactory to the seller, whether
the amount is unchangeably fixed by the contract with the
agent or not;  but whether appellants sold the property or
procured a purchaser, the interests of their principals' were
adverse to each other.  We do not think that appellants were
employed merely as middle men, with no duty to perform
except to bring the parties together;  and if they were so
employed, the finding of the Appellate Court was that they
were guilty of bad faith toward Mrs. Keach in their conduct
toward her pending the negotiations for the sale.  They
had already brought the parties together, but it remained to
bring about a sale between them.

It follows from what we have said that we think the law
was correctly applied to the facts as found.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*