## B. F. Neal, Appellee, v. Robert G. Bloomfield, Appellant.

BROKERS AND FACTORS—*when commission cannot be recovered.* A broker is not entitled to compensation for services rendered in effecting a sale of property if he has not acted in good faith towards the vendor.

Appeal from the Circuit Court of Cumberland county; the HON. WM. B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1911. Reversed with finding of fact. Opinion filed October 13, 1911.

GREATHOUSE & BUSSARD, for appellant.

BREWER & BREWER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by B. F. Neal, against Robert G. Bloomfield, to recover for services averred to have been rendered by Neal for Bloomfield in relation to a sale of a dwelling house and eight acres of land in the

village of Toledo, Illinois. A verdict was returned in favor of the plaintiff for $75 on which judgment was rendered and the defendant appeals.

The evidence shows that appellant, who had formerly lived in Toledo, sold his business there, retaining the ownership of his residence, and moved to Oklahoma City. About October 1, 1909, appellant received a Toledo newspaper from which he saw that Anslem Armer, a business man in Toledo, had sold his residence in that village. Appellant at once wrote to Armer seeking to sell to him appellant's Toledo residence. Armer answered the letter and the correspondence was kept up until December 20, 1909, when a sale of the property was made to Armer for $3,750. On November 5, 1909, appellee wrote to appellant from Toledo stating that he thought that John Tracy and he might be able to sell appellant's residence property to a horseman. Appellant, on November 8, replied to the letter stating that his price was $4,000 and if appellee had a buyer to have him make an offer and he would allow two per cent commission. These two letters were the only letters passing between appellant and appellee until December 24, when appellee wrote appellant that the horseman had bought property in Charleston, but that Armer offered $2,500 and some property in Toledo for appellant's residence and asked appellant what he thought of the offer. This was the first information appellant had that appellee had talked to Armer about the property and the letter was written four days after the deed had been made to Armer.

Appellee testified that he learned through Tracy that Armer wanted the property, and upon learning that fact, that he went to Armer and talked with him about it; that he told Armer that one Zite Jones wanted to buy it but if he, Armer, wanted it he would not show it to Jones or to any one else, and that he kept a buyer away because Armer wanted him to do so.

It is clear from the evidence that appellee not only

was not the procuring cause of the sale to Armer, but that he did not act in good faith with appellant. Appellee could not act in the double capacity of agent for appellant, and at the same time be an agent for a purchaser in endeavoring to have him get the property and not some other person, who might have given more for it. Bunn v. Keach, 214 Ill. 259; Young v. Trainer, 158 Ill. 428. Good faith on the part of appellee, as an agent of appellant, required that he should endeavor to sell the proerty to whoever would give the most. Under the evidence the appellee is not entitled to any commission. The judgment is reversed with a finding of fact.

*Reversed.*

Finding of fact: The appellee was not the procuring cause of the sale.