FRIEDENWALD *v.* WELCH.

1. BROKERS — COMMISSIONS — TIME FOR PERFORMANCE — THEAT-
RICAL BROKER.

> It is a well established rule of law that, when no time is fixed,
> a broker is entitled to a reasonable time in which to get
> results, and the principal cannot revoke the authority with-
> in that time unless it is done in good faith and not to escape
> paying commissions. [1]

2. SAME — THEATRES AND SHOWS — VARIATION FROM CONTRACT—
TERMS.

> Where an actor authorized a theatrical broker to secure him
> employment at $550 a week, at five per cent. commission, and
> the actor secured employment through the efforts of the
> broker at $500 a week, without taking any steps to revoke the
> broker's authority, an action for commissions would lie not-
> withstanding the change in terms.

Error to Wayne; Murphy, J. Submitted January 21,
1913. (Docket No. 8.) Decided March 20, 1913.

Assumpsit by Norman Friedenwald against Joe Welch
for broker's commissions. A judgment for plaintiff on a
verdict directed by the court is reviewed by defendant on
writ of error. Affirmed.

*George W. Bates*, for appellant.

*N. Calvin Bigelow* and *Henry C. L. Forler*, for ap-
pellee.

KUHN, J. The plaintiff is a theatrical broker in the
city of Chicago. The defendant is an actor, to whom
plaintiff introduced himself, and asked him if he desired
to secure employment in that city. Defendant said that
he did, and quoted him a price of $550 per week, and it

[1] Performance of contract by real estate broker to find a purchaser
or effect an exchange of his principal's property, see note in 44 L.
R. A. 593.

was agreed that plaintiff was to receive 5 per cent. commission for his services. The defendant says that the next day plaintiff called him by telephone, and told him that he had secured contracts, and to call at his office. Upon calling at Friedenwald's office, contracts calling for $400 were submitted to him, which he refused, and said he would take $550 and nothing else. A day or two later Friedenwald met Welch at the office of Mr. Nash, the agent for a theatrical circuit, to whom Friedenwald had introduced Welch, and contracts were made between Nash and Welch which resulted in Welch playing for four weeks at $500 per week. Welch had met Nash the evening before, and made the arrangement himself which resulted in these contracts. It is the claim of the plaintiff that the contracts were secured through his instrumentality, and that his authority to act for Welch was not withdrawn or suspended. The defendant's claim is that the contract was terminated by the failure of the plaintiff to perform it, and that he was not the procuring cause of the contracts which were entered into; that, when Friedenwald did not get a contract for $550, he was then at liberty to undertake the negotiations himself, and to make such contracts as he desired, without any liability to Friedenwald.

The circuit judge was of the opinion that, it not appearing that Welch had dismissed Friedenwald while the negotiations were being carried on, the plaintiff was entitled to recover, and directed a verdict in his favor.

Error is assigned because of the charge of the court, and counsel urge that a verdict should have been directed for the defendant. From an examination of the testimony of the defendant himself, it conclusively appears that at no time previous to the closing of the contracts with Nash did he withdraw or suspend the authority he had given Friedenwald to endeavor to get him employment. While it is true that his first effort to secure a contract did not result in getting what was satisfactory to Welch, the latter did not intimate at the time the offer was submitted to him

that he did not desire Friedenwald to do anything more.

It is a well-established rule of law that, when no time is agreed upon, a broker is entitled to a reasonable time in which to get results, and the principal cannot even revoke the authority within that time, unless it is done in good faith, and not to escape paying commissions. Mechem on Agency, § 968.

The fact that the contract entered into was for less than the amount originally demanded would not result in the broker losing his commission. The rule is stated in 19 Cyc. p. 249, as follows:

"If a broker has brought the parties together and as a result they conclude a contract, he is not deprived of his right to a commission by the fact that the contract so concluded differs in terms from the one which he was authorized to negotiate."

See, also, *Prindle* v. *Allen*, 164 Mich. 553 (129 N. W. 695), and the cases therein cited.

The record conclusively shows that Friedenwald brought the parties together; that he tried to get contracts; that as a result of the negotiations Welch himself closed the contracts without revoking the authority of Friedenwald. We are of the opinion that the circuit judge was correct in his conclusion of law, and properly directed a verdict for the plaintiff. The judgment is therefore affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.