## Arthur S. Welch, Defendant in Error, v. Garrett Biblical Institute, Plaintiff in Error.

### Gen. No. 19,043.

1. BROKERS, § 62*—*right to commissions when acting as agent for both parties.* An agent cannot recover for services rendered in securing an exchange of real estate where he acted for both seller and purchaser, and failed to show that defendant knew he was acting as the agent of the opposite party and had given his consent that he should so act.

2. BROKERS, § 62*—*when agent acting as agent for both parties not entitled to commissions.* Where an agent in procuring an exchange of real estate acted as agent for both parties and received compensation from one, held in an action brought against the other for commissions that he was not entitled to recover, the evidence being insufficient to show that the defendant knew that he was employed by and received a commission from the other party, and consented thereto.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1913. Reversed with finding of fact. Opinion filed May 4, 1914. Rehearing denied May 18, 1914.

N. M. JONES, for plaintiff in error.

E. F. MASTERSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a case in which the court found for the plaintiff, Welch, in a suit for compensation for services

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

rendered by plaintiff in procuring a purchaser for defendant's property pursuant, as plaintiff claims, to a special contract made between him and Henry H. Gage, the manager of defendant's real estate.

It is admitted that plaintiff brought to defendant a party named Erwin, and that defendant and Erwin exchanged their properties. Plaintiff received from Erwin $1,200, which is two and one-half per cent. of $48,000, the value placed on Erwin's property in the exchange, and this suit is for two and one-half per cent. on $25,000, the value placed on defendant's property in the exchange. The difference of $23,000 is represented by a mortgage on Erwin's property which defendant assumed. Plaintiff testified that the $1,200 paid to him by Erwin was a present which Erwin paid to hurry the deal to a consummation. The name is not important, for it is manifest that this money was given to plaintiff as compensation for his services.

The rule of law is that "an agent could not recover for services rendered in securing an exchange of real estate where he acted as the agent for both seller and purchaser, and failed to show that defendant knew he was acting as the agent of the opposite party and had given his consent that he should so act." *Bunn v. Keach,* 214 Ill. 259 (265).

Plaintiff claims that the defendant, through its agent, Gage, knew of this payment by Erwin to plaintiff and consented thereto. As a bald statement of fact this is true, for Gage himself testifies that he knew that Erwin was paying plaintiff, but his testimony on this point should be considered in connection with his entire testimony. His story, in brief, is that he never promised to pay plaintiff anything for his services; that plaintiff represented Erwin; and that plaintiff told him, Gage, that he would get his commission from Erwin, and that in dealing with plaintiff Gage understood that plaintiff was acting on behalf of Erwin, while he, Gage, represented the defendant. This is not the kind of knowledge and consent by a defendant

which, when shown, avoids the operation of the rule above quoted. The knowledge and consent contemplated in that rule must be exercised with reference to some conduct contrary to defendant's interest and to which he would have the right to object. Upon Gage's understanding that plaintiff represented Erwin in the deal, whatever Erwin and plaintiff might agree upon as compensation for plaintiff's services was of no concern to Gage, and his knowledge or consent thereto was not material.

Something is suggested concerning the knowledge by Judge Horton of the payment by Erwin to plaintiff, but however this may be, such knowledge cannot bind the defendant, as Judge Horton ceased to have any official connection with the defendant some time before the transaction in question.

We find no evidence that the witness Crandon, defendant's treasurer, knew anything about the matter until after the exchange had been made.

Turning to the testimony of the plaintiff, concerning knowledge of the defendant, and consent to plaintiff's receiving compensation from Erwin, we find only this statement: "I told Mr. Gage he (Erwin) was willing to pay something on this thing if they could get it through, and Mr. Gage acknowledged it and said, all right we will see what we can do." Even should we accept plaintiff's theory that he was employed by defendant, this bit of rather indefinite testimony is not sufficient to prove that Gage knew plaintiff was also employed by and receiving a commission from Erwin, and consented thereto. Before plaintiff can recover he must establish that he was employed by the defendant to represent it, and that defendant consented that he should also represent the opposite side. In any view of the evidence plaintiff has failed to prove the existence of such facts. Under the law he cannot recover, and the judgment is reversed without remanding.

*Reversed with finding of fact.*

Finding of Fact: The court finds that plaintiff did not prove that he was employed by the defendant and at the same time was employed by Erwin with the knowledge and consent of the defendant.