# HAYS $v.$ RYKER.*

(Division B.   Sept. 24, 1928.)

[118 So. 199.   No. 27068.]

*Corpus Juris-Cyc References: Agency, 2CJ, p. 764, n. 51; Brokers, 9CJ, p. 577, n. 33, 35; On right of real estate broker who acts for both parties to commissions, see annotation in 24 L. R. A. (N. S.) 659; 4 R. C. L. 275; 1 R. C. L. Supp. 1102; 4 R. C. L. Supp. 260; 6 R. C. L. Supp. 247; 7 R. C. L. Supp. 123.

*H. H. Evans,* for appellant.

*J. L. Taylor,* for appellee.

PACK, J. Appellee, a real estate agent, sued appellant in the county court of Harrison county for commission alleged to be due for services in a land deal. The case was tried before the county judge (jury being waived),

resulting in a judgment for appellee in the sum of five hundred dollars. On appeal to the circuit court, plaintiff (appellee here) entered a *remittitur* of one hundred fifty dollars. The circuit court, on a hearing without a jury, rendered judgment for appellee in the sum of three hundred fifty dollars.

A Mrs. McKay had listed with Ryker, as agent, several pieces of property for sale, one of which was located on Second street, in the city of Gulfport, and valued at nine thousand five hundred dollars. The agent, Ryker, was to receive a commission of five per cent. from the sale or exchange of the McKay property. A few weeks thereafter Ryker procured appellant to list a tract of land with him, as agent, for sale, at ten thousand dollars. There was no agreement as to commission to be paid by appellant, but the evidence shows a prevailing rate of five per cent. in that section. Ryker, having been employed as the agent of both Mrs. McKay and appellant, began negotiations between them for the exchange of their properties, without telling appellant that he, as agent, was to receive a commission from Mrs. McKay. After considerable negotiations and showing the property one to the other, Ryker consummated an exchange of said property between the parties.

Appellant defends principally upon the ground that Ryker, being the employed agent of Mrs. McKay, at a fixed commission, cannot recover from him, since he had no knowledge of and did not consent to the dual capacity in which Ryker was acting. In other words, contention is made that the agent who acts for both purchaser and seller in the sale or exchange of property cannot collect commission from both parties, unless it is known and consented to by the parties.

There is no dispute in the evidence that Ryker was trying to collect commission from both parties to the transaction, and no dispute that appellant had no knowledge of the double agency.

The authorities seem to be practically uniform that, where double employment exists, without knowledge of the parties, there can be no recovery of commission by the agent against the party kept in ignorance. The rule is not based upon the presence or absence of designed duplicity and fraud, but upon an established policy. Among the many authorities supporting this principle are *Farnsworth* v. *Hemmer,* 1 Allen 483, 79 Am. Dec. 756, and authorities cited in notes; *Cannell* v. *Smith,* 142 Pa. 25, 21 A. 793, 12 L. R. A. 395; *Blake* v. *Stump et al.,* 73 Md. 160, 20 A. 788, 10 L. R. A. 103; 4 R. C. L. and authorities cited in notes 5 and 6, p. 274; *Scribner* v. *Collar,* 40 Mich. 375, 29 Am. Rep. 541; *Young* v. *Trainor,* 158 Ill. 428, 42 N. E. 139; *Hannan* v. *Prentiss,* 124 Mich. 417, 83 N. W. 102; 4 R. C. L. 274; case note, 24 L. R. A. (N. S.) 659.

The well-defined exception to the rule is that a broker who merely acts as middleman to bring the parties together and who make their own trade may collect commission from both in the absence of fraud. A full collation of the cases enunciating the rule and the exceptions thereto will be found in the case note, 45 L. R. A. 33, and 24 L. R. A. (N. S.) 659. See, also, 4 R. C. L. *supra.*

We think the facts disclosed in the record bring the case within the above rule, and that appellee was not entitled to recover. The judgment of the learned court below will be reversed, and judgment entered here for appellant.

*Reversed and rendered.*