## BERMAN v. PALMETTO APARTMENTS CORPORATION.

### No. 10072.

Circuit Court of Appeals, Sixth Circuit.

Feb. 4, 1946.

Milton M. Maddin, of Detroit, Mich. (David I. Hubar and Milton M. Maddin, both of Detroit, Mich., on the brief), for appellant.

John H. Brennan and Lewis & Watkins, all of Detroit, Mich., for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Berman, a licensed real estate broker, appeals an order denying him an allowance for services rendered to the Trustees of Detroit Palmetto Company.

Appellee, Palmetto Apartments Corporation, filed a petition in bankruptcy under Sec. 77B, Bankr. Act, 11 U.S.C.A. § 207, and the court approved the petition. Its principal asset was the Palmetto Apartment Hotel. Under an approved plan of reorganization, Brennan, Moorman and Borucki were appointed voting trustees and were placed in possession of the property. After many discussions with Trustee Moorman relative to the sale of the property, appellant interested Berry, Seyburn and Shulman in its purchase. These parties submitted, in writing, a cash offer of $250,000, together with a Cashier's check for $5,000. Appellant submitted the offer

and check to Moorman, which was in turn submitted by Moorman to the Trustees as a body. The offer was rejected but the check was retained. The money for the check was advanced by Berry.

A conference ensued between appellant and his counsel, and Brennan, who was also acting as counsel for the Trustees, as a result of which appellant and the Trustees agreed upon a commission of $6,000 for appellant, and a new offer of $250,000 cash was submitted by the proposed purchasers with a provision that they should assume any obligation of the debtor corporation existing under a lease which was then held by the purchasers themselves. Appellant presented the modified written offer to the Trustees, who approved it. This offer was signed by one Mae Hess.

Thereupon, the Trustees prepared and sent a "Notice of Proposed Sale of Detroit Palmetto Company Property" to each one of the holders of the trust certificates of the bankrupt. This notice stated, "The offer provides that a real estate commission equal to 75% of the schedule of commissions, as established by the Detroit Real Estate Board, shall be paid to Julius Berman, broker in the transaction, upon the consummation of the sale of the property. This commission will be in the sum of $6000.00." Less than one-third of the stockholders of the bankrupt holding trust certificates objected to the offer. Thereupon, after due notice to the holders of the certificates, the Trustees petitioned the court for approval of the sale. The petition contained this statement, to wit: "Said offer further provides that a real estate commission in the sum of Six Thousand Dollars ($6000.00) shall be paid to Julius Berman, broker in the transaction, if the sale of said property is consummated." A hearing on this petition was had by the court on December 11, 1944, and the matter was taken under advisement.

In the meanwhile a third party submitted a higher bid, whereupon Mae Hess, the mere nominee of Berry, Seyburn and Shulman, acting through an attorney, was permitted to withdraw the offer of $250,000, and Berry, Seyburn and Shulman submitted an offer of $305,000 in their own names, but omitted therefrom all reference to any compensation for appellant, and the court upon consideration of the whole matter, on March 26, 1945, confirmed the sale to Berry, Seyburn and Shulman.

On April 5th following, appellant filed his petition for an allowance of $6,000 for his services rendered the Trustees and the trust estate. His petition is based upon two grounds,—(1) upon the understanding he had with the Trustees that he was to receive $6,000 for his services; and (2) that he was entitled to compensation for services rendered which benefited the Trustees and the trust estate.

The District Court denied his petition altogether. The court filed an opinion which contained a finding that there was no valid existing contract between appellant and the Trustees for the payment of a commission to appellant. Conceivably, this may be true, because the contract never had the sanction or approval of the court, but we are not limited to a consideration of the strict legal rights of the parties. O'Hara v. Oakland County, 6 Cir., 136 F.2d 152.

Appellant's case cuts deeper than this. The District Court was sitting in bankruptcy and under the Bankruptcy Act had equitable jurisdiction. It is generally held that a selling agent is entitled to compensation if his agency is the procuring cause of the sale, and when his communications with the purchaser have been the means of bringing the purchaser and his principal together, his right to compensation is complete. Peebles v. Prudential Ins. Co., 6 Cir., 110 F.2d 76, 79; see also Hecht Co. v. Whiteford, 78 U.S.App.D.C. 929, 137 F.2d 929, 930; McOmber v. Campion, 219 Mich. 604, 189 N.W. 181; Hannan v. Prentis, 124 Mich. 417, 83 N.W. 102; Friedenwald v. Welch, 174 Mich. 399, 140 N.W. 564; Braid v. Bishop, 261 Mich. 321, 246 N.W. 135. It is unquestionably true that appellant, on behalf of the Trustees, was actively instrumental in procuring the first offer of the purchasers. It is crystal clear that he was the "procuring and inducing cause" of the sale. The withdrawal by Mae Hess of the original offer did not nullify his claim for she, as pointed out, was no more than a dummy for the purchasers. Her withdrawal and the second offer of the purchasers amounted simply to a raised bid by the purchasers. The original offer, the withdrawal of it and the subsequent offer, confirmed by the court, were phases of a continuing transaction which resulted in the sale and in which appellant certainly had equitable if not legal rights, since at the behest of the Trustees and after diligent effort, he found the purchaser.

194

The court both in its opinion and in its order held that the services of appellant did not in any way benefit the trust estate. We disagree. Appellant's services did benefit the estate, not only in procuring the purchasers, but at a price $55,000 in excess of the amount which the Trustees had originally agreed to accept.

The District Court was authorized to make an allowance (Title 11 U.S.C.A. §§ 641 and 642) and we think that the failure to do so was error. Appellant seeks compensation of $6,000 upon an anticipated sale of $250,000, which was only 75% of the schedule of commissions established by the Detroit Real Estate Board and this was agreed to by the Trustees and unobjected to by the certificate holders. In view of the fact that the property brought $55,000 additional, we think that an allowance of $6,000 is within reasonable limits and his compensation is fixed at that amount. See In re Detroit International Bridge Co., 6 Cir., 111 F.2d 235. It is not material that the application was made directly by appellant rather than by the Trustees, for whether made by one or the other, is a mere formality. O'Hara v. Oakland County, supra.

The order appealed from is set aside and the case remanded to the District Court for the entry of an order fixing and allowing appellant's compensation at $6,000, to be paid by appropriate orders and decrees out of the assets of the estate.